## HARTFORD FIRE INS. CO. v. WILLIAMS et al.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1894.)

### No. 454.

1. FIRE INSURANCE—MORTGAGE CLAUSE—ADDITIONAL INSURANCE—PRORATING.
The provision, in a mortgage clause of a fire policy, that the insurer "shall not be liable under this policy for a greater portion of any loss than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein," requires the mortgagee to prorate with all policies on the property, and is not limited to policies covering his interest, notwithstanding a prior general provision in the mortgage clause that "this insurance, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor or owner."

2. Same—Destruction by Mortgagor.

Under the provision in the mortgage clause of a fire policy that the insurance as to the interest of the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner, voluntary destruction by the owner will not prevent recovery by the mortgagee.

In Error to the Circuit Court of the United States for the District of Colorado.

Action by Frederick A. Williams, trustee, and the Philadelphia Mortgage & Trust Company, against the Hartford Fire Insurance Company. Judgment for plaintiffs. Defendant brings error.

Thomas Bates, Sylvester G. Williams, and Henry W. Hobson, for plaintiff in error.

Greely W. Whitford (Frederick A. Williams on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, J. This was a suit on an insurance policy which was issued by the plaintiff in error, the Hartford Fire Insurance Company, to Grace Henderson on the 21st day of July, 1890. The policy insured "a two-story brick dwelling house, * * * No. 1045 Washington avenue, Denver, Colorado," to the amount of $3,500. On the 8th of September, 1890, Grace Henderson sold the insured property to Bertha Shaw; and, with the consent of the insurer, the policy aforesaid was assigned to Bertha Shaw. On March 25, 1892, Bertha Shaw borrowed $4,000 from the Philadelphia Mortgage & Trust Company, one of the defendants in error, and, to secure the payment of said loan, executed a deed of trust conveying the insured property to the other defendant in error, Frederick A. Williams, as trustee of the Philadelphia Mortgage & Trust Company, which deed gave the trustee power to sell the property in case the borrower made default in paying the notes that had been given as an evidence of such loan. A mortgage clause was thereupon attached to the aforesaid policy, which was duly signed by the agent of the Hartford Fire Insurance Company, the material parts of which are as follows:

"Loss, if any, on realty, payable to Frederick A. Williams, trustee, mortgagee or trustee, as hereinafter provided; it being hereby understood and agreed that this insurance, as to the interest of the mortgagee or trustee, only, therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy; provided that, in case the mortgagor or owner neglects or refuses to pay any premium due under this policy, then, on demand, the mortgagee or trustee shall pay the same; provided, also, that the mortgagee or trustee shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on this policy; and provided, further, that every increase of hazard not permitted by the policy to the mortgagor or owner shall be paid for by the mortgagee or trustee on reasonable demand, and after demand made by this company upon and refusal by the mortgagor or owner to pay, according to the established schedule of rates. It is, however, understood that this company reserves the right to cancel this policy, as stipulated in the printed conditions in said policy; and also to cancel this agreement on giving ten days' notice of their intention

to the trustee or mortgagee named therein, and from and after the expiration of the said ten days this agreement shall be null and void. It is further agreed that, in case of any other insurance upon the property hereby insured, then this company shall not be liable under this policy for a greater portion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein. It is also agreed that whenever this company shall pay the mortgagee or trustee any sum for loss under this policy, and shall claim that, as to mortgagor or owner, no liability therefor existed, it shall at once, and to the extent of such payment, be legally subrogated to all the rights of the party to whom such payments shall be made, under any and all securities held by such party for the payment of said debt. But such subrogation shall be in subordination to the claim of said party for the balance of the debt so secured. Or said company may, at its option, pay the said mortgagee or trustee the whole debt so secured, with all the interest which may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made an assignment and transfer of said debt, with all securities held by said parties for the payment thereof."

The premises were destroyed by fire on July 31, 1892, and thereupon the defendants in error made claim upon the insurance company for the entire amount of the insurance aforesaid.

The chief question that is presented by this record concerns the proper construction of the aforesaid mortgage clause, and particularly that paragraph which provides that, in case of other insurance on the property, no greater amount shall be recovered under this policy "than the sum insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein." On July 23, 1892, Bertha Shaw, the mortgagor, obtained a policy of insurance for her own benefit, in the sum of $6,000, in the Palatine Insurance Company, covering the same dwelling house that was insured by the policy in suit, and did so without the knowledge or consent of the plaintiff in error, the Hartford Fire Insurance Company. On the trial of the case, the last-named company offered this policy in evidence, with a view of showing, among other things, that the total insurance on the dwelling house in question was $9,500 at the time of the loss, and that it was only liable for seven-nineteenths of the loss, or about $1,400, as the total loss on the dwelling house was about $3,800. This proof was excluded, the trial court being of the opinion, as it seems, that the clause above quoted, relative to prorating the loss among all policies covering the insured property, only applied to policies covering the interest of the mortgagee therein, and that it did not compel the mortgagee to prorate with policies issued to the mortgagor, which did not contain the aforesaid mortgage clause, and were not intended as an insurance upon the mortgagee's interest. In this we think the circuit court erred. The language employed in the mortgage clause that the insurer "shall not be liable under this policy for a greater portion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein," seems to us to have been inserted ex industria for the purpose of making it clear that the mortgagee's policy was entitled to prorate with

policies covering the insured property that at the time of the loss might be held by any person whomsoever who had an insurable interest in the property. We can conceive of no other object that the parties could have had in using the words "issued to or held by any party or parties having an insurable interest therein," unless it was to avoid the very construction of the clause which the circuit court appears to have adopted. In the absence of the words last quoted, it might, no doubt, be fairly argued that it was simply the intention of the parties to reserve the right to prorate with other policies procured by the mortgagee for the protection of his interest, but that construction of the clause seems to us to be inadmissible, in view of the language used, which expressly extends the right to prorate, to policies "issued to any party or parties having an insurable interest" in the property. As before remarked, the concluding words of the paragraph seem to have been added, out of abundant caution, that there might be no ground upon which to insist that the right to prorate was limited to policies held by the mortgagee or for his benefit. It is urged, however, by counsel for the defendants in error, that the foregoing view destroys the efficacy of the first paragraph of the mortgage clause which declares "that this insurance as to the interest of the mortgagee or trustee  *  *  *  shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured," because it puts it in the power of the mortgagor by taking out additional insurance to lessen the amount which the mortgagee might otherwise have recovered. It is doubtless true that the construction above intimated lessens the scope that might otherwise be given to the first paragraph of the mortgage clause, but that it destroys its efficacy as a protection to the mortgagee cannot be admitted. It is obvious that the paragraph in question operates to protect the mortgagee from many acts of the mortgagor which would otherwise render the insurance, as a whole, utterly void, even it be conceded that, under the construction above given, not only the mortgagor, but third parties, have it in their power to lessen to some extent the amount that may be recovered on the mortgagee's policy. In construing a contract like the one now in hand, it is our duty to look to all of the provisions of the agreement, and to give effect to what seems to have been the obvious intent and meaning of the parties. We would not be justified in ignoring an agreement in one part of the instrument, which is as clearly expressed as language could well express it, merely because it limits to some extent the scope of general language employed in another part of the instrument. It is very common in the construction of contracts and statutes to restrict the meaning of general words and phrases, when it is plain to be seen from particular provisions of the contract or statute that they were not intended to have the broad signification of which they are fairly susceptible. In the case at bar, the first stipulation contained in the mortgage clause, "that this insurance as to the interest of the mortgagee or trustee  *  *  *  shall not be invalidated by any act or neglect of the mortgagor or owner of the property," is limited

and controlled, in our judgment, by the more particular provision with respect to prorating in case of loss which declares in very specific terms, as we think, that the right to prorate shall extend to and include all policies covering the particular property that are held by any party or parties having an insurable interest therein. Counsel have not cited, and we have been unable to find, any case in which the particular mortgage clause now under consideration has been judicially construed. The cases of Hastings v. Insurance Co., 73 N. Y. 141, and Insurance Co. v. Olcott, 97 Ill. 439, to which our attention has been directed, are not in point on this branch of the case. The mortgage clauses which were under consideration in those cases did not contain the stipulation with reference to contribution which the mortgage clause now in controversy contains, nor any stipulation whatever on that subject. It was held, in substance, in those cases, that the mortgage clause operated to create an independent contract between the mortgagee and the insurance company, which could not be invalidated by any act or neglect of the mortgagor, and, therefore, that the mortgagee claiming under such an independent contract with the insurer was not bound to prorate the loss with policies held by the mortgagor, or with policies covering other insurable interests in the property, whether existing prior to the execution of the mortgage clause or taken out subsequently. We might possibly surmise that the stipulation which we find in the mortgage clause now under consideration was framed with special reference to the decisions last mentioned, and for the purpose of securing to the insurer of the mortgagee's interest, beyond peradventure, the right to prorate with all policies covering any and every insurable interest in the insured property. But, be this as it may, we have felt ourselves constrained, in the absence of any adjudications touching the proper interpretation of the mortgage clause in suit, to adopt the foregoing construction, in the belief that it is rendered necessary by the very specific language which the parties have seen fit to employ.

It is suggested in the brief of counsel for the plaintiff in error, but the point was not pressed on the oral argument, that the first paragraph of the mortgage clause, which declares, in effect, that the policy as to the mortgagee's interest shall not be invalidated by any act or neglect of the mortgagor, is not adequate to preserve the insurance, even on the mortgagee's interest, if the mortgagor intentionally destroys the insured property. It is claimed that such an act of the mortgagor would invalidate the insurance held by the mortgagee. It is urged in compliance with this view that the circuit court also erred in refusing to admit evidence tending to show that Bertha Shaw intentionally set fire to the insured property. With reference to this contention, it is sufficient to say that, in our opinion, the language of the mortgage clause is broad enough to protect the mortgagee's insurance, and to prevent it from being invalidated even by such a willful act committed by the mortgagor. It is conceded by counsel that the mortgagee

might recover if the insured property had been destroyed by a fire intentionally kindled by a stranger to the contract, and we think that, in view of the mortgage clause which creates practically an independent contract between the mortgagee and the insurance company, the mortgagee is also protected against a willful act of that character committed by the mortgagor for which the mortgagee was in no wise responsible. The last point urged by the plaintiff in error is not well taken; but, for the error heretofore pointed out, the judgment of the circuit court is reversed, and the cause is remanded, with directions to award a new trial.