Fire Asso. of Phila. v. Evansville Brew. Co.—Syllabus.

THE FIRE ASSOCIATION OF PHILADELPHIA, A CORPORA-
TION, *Plaintiff in Error,* v. EVANSVILLE BREWING
ASSOCIATION, A CORPORATION, *Defendant in Error.*

Opinion Filed April 19, 1917.

1. The standard mortgagee clause creates an independent con-
tract of insurance for the separate benefit of the mortgagee,
ingrafted upon the main contract of insurance contained in the
policy itself, and to be rendered certain and understood by
reference to the policy.

2. A policy of fire insurance in the standard form, which is void
as to the assured owner, because of his breach of the warranty
that his interest is not other than unconditional and sole
ownership, may nevertheless be valid as to a mortgagee, when
the mortgagee clause in the usual form is attached to the
policy.

3. Where the purpose of a policy is to insure to the mortgagee
his interest in the property, which is that of a lien, the owner-
ship of the legal title to the property is not material.

4. An insurer has the burden of pleading and proving that a loss,
or some portion thereof, of the insured property, was caused
by an explosion for which, under the terms of the policy, it
is not liable.

5. While the insurer is not liable for a loss caused by an ex-
plosion which was not produced by a preceding fire, yet if
the explosion is caused by fire during its progress in the
building, the fire is the proximate cause of the loss, the ex-
plosion being a mere incident of the fire, and the insurer is
liable.

6. Where an explosion is an incident to a fire already in progress,
the burning of the building is a "direct loss or damage by
fire," within the meaning of the policy. If the explosion is not
caused by a pre-existing fire the insurer is liable "for the dam-
age by fire only," if any, after the explosion.

7. The refusal to give a requested charge that if the building was
substantially demolished and fell down as the result of an

VOL. 73, JANUARY TERM, 1917.    905

Fire Asso. of Phila. v. Evansville Brew. Co.—Opinion of Court.

explosion, and not as the result of fire, the verdict should be for the defendant, was not error since the charge did not permit a verdict for the plaintiff if a fire in the building caused the explosion.

8. When there is substantial evidence to support the verdict which does not appear to be against the manifest weight of the evidence and the justice of the cause, and there is no harmful errors of procedure, the judgment will be affirmed.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Knight, Thompson & Turner* and *James F. Glen,* for Plaintiff in Error;

*McKay, Withers & Phipps,* for Defendant in Error.

WHITFIELD, J.—The Evansville Brewing Association brought an action in three counts against The Fire Association of Philadelphia, upon three fire insurance policies for $1000.00, $1500.00 and $500.00 respectively, alleging in effect in each count that the defendant company issued to J. A. Falsone its policy of insurance against a fire loss on a certain two story frame building with metal roof for one year from a stated day in January (and July) 1915; that on September 11th, 1915, the building so insured was destroyed by fire and damage and loss sustained to the amount of $7,500.00, under such circumstances as to come within the promises and undertakings of such policy, and to render liable and oblige the defendant to insure the said J. A. Falsone to the amounts contracted for, of which loss the defendant had due notice on to-wit, September 16, 1915; that said policy provided

that loss or damage, if any, under said policy shall be payable to the plaintiff as first mortgagee as its interest may appear, and that said policy as to the interest of the plaintiff therein shall not be invalidated by any act or neglect of the mortgagor or owner of said property; that J. A. Falsone was indebted to plaintiff at the time of such loss or damage, which indebtedness was secured for payment by mortgage on said building and the land upon which it was situated, in a sum exceeding the total amount of insurance then in force on said building, and in a sum greatly in excess of the value of all securities held by it, and, although all conditions have been performed and fulfilled and all events and things existed and happened, and all periods of time have elapsed to entitle the plaintiff to a performance by the defendant of said contract and to entitle plaintiff to the stated sums, and nothing has occurred to prevent plaintiff from maintaining this action, yet the said defendant has not paid or made good to plaintiff the said amount of loss and damage aforesaid, &c. See Statutory form, Sec. 1450 Gen. Stats. 1906, Compiled Laws, 1914. The policies are attached to and made a part of the declaration.

A demurrer to the declaration was overruled, and the defendant filed the following pleas to the declaration:

"1.    That the building insured was substantially destroyed and fell as the result of an explosion, and not as the result of fire, and the said building was substantially destroyed and fell before the fire mentioned in the plaintiff's declaration, whereby the said policy, by the terms thereof, immediately ceased to be in force, and was not in force at the time of the fire mentioned in the plaintiff's declaration.

"2.    And for a further plea the defendant says that the building insured was totally destroyed as the result of an

VOL. 73, JANUARY TERM, 1917.     907

Fire Asso. of Phila. v. Evansville Brew. Co.—Opinion of Court.

explosion, prior to the fire mentioned in the plaintiff's declaration, and the loss of the said building was not due to or caused by the fire as alleged in the plaintiff's declaration, but was due and caused by an explosion.

"3. And for a further plea the defendant says that at the time of application for the policy sued on, at the time of execution and delivery thereof, at the time the same according to its terms went into effect, and thereafter and up to and at the time of the alleged loss, and at all intervening times, the interest of J. A. Falsone in the premises insured was other than unconditional and sole ownership, in that the said J. A. Falsone was not the sole owner of the said premises at the said time."

A demurrer to the third plea was sustained and the plaintiff joined issue on the first and second pleas as above.

The following verdict was returned: "We the jury find for the plaintiff and assess its damages at the sum of Three Thousand One Hundred and Seventy-three Dollars and 24 cents and three hundred and fifty dollars attorneys fees so say we all."

Upon this verdict the following judgment was rendered:

"Thereupon it is ordered and adjudged, that the plaintiff, Evansville Brewing Association, a corporation, do have and recover of and from the defendant, Fire Association of Philadelphia, a corporation, the sum of Three Thousand Five Hundred and twenty-three and 24/100 Dollars as damages and the further sum of Ten and 15/100 Dollars its costs in this behalf expended, for which let execution issue."

On writ of error taken by the defendant it is contended that the court erred in (1) sustaining the demurrer to the third plea; (2) in giving and refusing charges; (3) in re-

fusing to direct a verdict for the defendant, and (4) in denying a new trial.

The policies contained the following known as the "Standard or Union Mortgage Clause;" "This insurance, as to the interest of the mortgage * only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property * nor by any change in the title or ownership of the property * * Provided * that the mortgagee * shall notify this company of any change of ownership or occupancy * which shall come to the knowledge of said mortgagee." Under this provision of the policies it was immaterial whether "the interest of J. A. Falsone in the premises insured was other than unconditional and sole ownership" as averred in the third plea, therefore the demurrer to such plea was properly sustained.

The standard mortgagee clause creates an independent contract of insurance for the separate benefit of the mortgagee, ingrafted upon the main contract of insurance contained in the policy itself, and to be rendered certain and understood by reference to the policy.

A policy of fire insurance in the standard form, which is void as to the assured owner, because of his breach of the warranty that his interest is not other than unconditional and sole ownership, may nevertheless be valid as to a mortgagee, when the mortgagee clause in the usual form is attached to the policy. Reed v. Fireman's Ins. Co. of Newark, 81 N. J. L. 523, 80 Atl. Rep. 462, 35 L. R. A. (N. S.) 343; Syndicate Ins. Co. v. Bohn, 65 Fed. Rep. 165; Hanover Fire Ins. Co. v. Bohn, 48 Neb. 743, 67 N. W. Rep. 774, 58 Am. St. Rep. 719; Bacot v. Phenix Ins. Co., 96 Miss. 223, 50 South. Rep. 729, 25 L. R. A. (N. S.) 1226; Ormsby v. Phenix Ins. Co., 5 S. D. 72, 58 N. W. Rep. 301; Liverpool & London & Globe Ins. Co. v.

VOL. 73, JANUARY TERM, 1917.    909

Fire Asso. of Phila. v. Evansville Brew. Co.—Opinion of Court.

Davis, 56 Neb. 684, 77 N. W. Rep. 66; Oakland Home Ins. Co. v. Bank of Commerce, 47 Neb. 717, 66 N. W. Rep. 646, 58 Am. St. Rep. 663; 14 R. C. L. 1038, text 1085.

Where the purpose of a policy is to insure to the mortgagee his interest in the property, which is that of a lien, the ownership of the legal title to the property is not material.

In the Glens Falls Ins. Co. v. Porter, 44 Fla. 568, 33 South. Rep. 473, where the forfeiture act by the mortgagor was subsequent to the execution of the mortgage clause, this court held "Where a policy of fire insurance contains what is popularly known as the standard or union mortgage clause by which the insurer agrees to pay the amount of the policy to a mortgagee of the insured as such mortgagee's interest may appear, and that as to the interest of the mortgagee only the insurance effected by the policy in his favor should not be invalidated by any act or neglect of the mortgagor or owner of the property insured, such mortgage clause does not create in favor of the mortgagee a contract wholly independent, separate and distinct from that created by such policy in favor of the mortgagor or owner, but such mortgage clause does give to the mortgagee such a separate and independent contractual status towards the insurer as that he can recover the amount provided for by the policy under circumstances and conditions that would defeat a recovery by the mortgagor or owner."

In St. Paul Fire & Marine Ins. Co. v. Northrup, 72 Fla. 598, 73 South. Rep. 368, decided without opinion, the holding was that the mortgagee could recover even though the mortgagor was not the sole and unconditional owner of the property when it was insured.

The insurance was "against all direct loss or damage

by fire, except as hereinafter provided." The policies are expressly made subject to "stipulations and conditions printed on the back" of the policies. One of the "stipulations" "printed on the back" of the policies is that the company "shall not be liable for loss caused directly or indirectly by invasion * * or (unless fire ensues, and in that event, for the damage by fire only) by explosion of any kind." "If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

The declaration pursuing the substance of the statutory form alleges that the "building so assured and in said policy described was destroyed by fire and damage and loss was thereby occasioned, * * under such circumstances as to come within the promises and undertakings of said policy, and to render liable and to oblige the defendant to insure" &c.

The plea avers that the building was destroyed "as the result of an explosion prior to the fire," "and not as the result of fire." The pleas that the building was destroyed by an explosion and not by fire, present an affirmative defense to be proven by the insurer. Non-liability for loss by an explosion is an exception to the liability assumed by the insurer and should be pleaded and proven by the defendant.

An insurer has the burden of pleading and proving that a loss, or some portion thereof, of the insured property, was caused by an explosion for which, under the terms of the policy, it is not liable. German American Ins. Co. v. Hyman, 42 Colo. 156, 94 Pac. Rep. 27, 16 L. R. A. (N. S.) 77.

While the insurer is not liable for a loss caused by an explosion which was not produced by a preceding fire, yet if the explosion is caused by fire during its progress in the

VOL. 73, JANUARY TERM, 1917.    911

Fire Asso. of Phila. v. Evansville Brew. Co.—Opinion of Court.

building, the fire is the proximate cause of the loss, the explosion being a mere incident of the fire, and the insurer is liable. Where an explosion is an incident to a fire already in progress, the burning of the building is a "direct loss or damage by fire," within the meaning of the policy. If the explosion is not caused by a pre-existing fire the insurer is liable "for the damage by fire only," if any after the explosion.

The insured having alleged that the damage and loss were caused by fire, under such circumstances as to render the defendant liable, and the defendant having pleaded that the building was destroyed by an explosion which is included in the exceptions from liability, it was encumbent upon the plaintiff to show a loss by fire, which showing put upon the defendant the burden of proving the exception from liability averred in the plea. If the plea was not proven the plaintiff could recover upon showing a destruction of the building by fire. And the plaintiff could recover for the entire loss even if the loss was facilitated by an explosion; provided the explosion was an incident to a pre-existing fire, and the plaintiff was not responsible for the fire in such a way as to bar recovery. See Stephens v. Fire Ass'n of Philadelphia, 139 Mo. App. 369, 123 S. W. Rep. 63. These principles were substantially followed in giving and refusing charges, and no material or prejudicial error appears with reference to the charges. The refusal to give a requested charge that if the building was substantially demolished and fell down as the result of an explosion, and not as the result of fire, the verdict should be for the defendant, was not error since the charge did not permit a verdict for the plaintiff if a fire in the building caused the explosion.

A witness for the defendant from a window in a house perhaps a block away saw the effects of the explosion,

"saw the place when it went up in the air." She did not "know what was going on inside of the building before" the explosion; she knew "there wasn't any fire there that you could see from the outside. And if there was any fire there to amount to anything you could see it through the blinds and the doors." It was about 3 A. M. "I was sitting looking out of the window, not looking at anything particularly, and I heard the noise and saw the building go up in the air, and afterwards immediately a dense smoke came up from there." A charge on the theory "that fire was observed at the same time with the explosion, and thereafter" was not without support in the evidence. There was testimony as to charred pieces of timber having been blown from the house through a window of another house by the explosion, and other circumstances from which the jury might have inferred that there was a fire in progress in the house before the explosion which fire caused the explosion, there being no positive evidence that there was in fact no fire in the building just prior to and at the time of the explosion. As there was evidence legally sufficient to support a verdict for the damages shown there was no error in refussing to direct a verdict for nominal damages only. See Haile v. Mason Hotel & Inv. Co., 71 Fla. 469, 71 South. Rep. 540; Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435.

It does not clearly appear that there was material and substantial error in calculating interest allowed the plaintiff on the recovery.

There being substantial evidence to support the verdict which does not appear to be against the manifest weight of the evidence and the justice of the cause, and

there being no harmful errors of procedure, the judgment is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.