MAX KIRSHENBAUM ET AL., APPELLANTS, V. MASSACHUSETTS BONDING & INSURANCE COMPANY, APPELLEE.

FILED JANUARY 13, 1922. No. 21707.

1. Insurance: "RIOT OR CIVIL COMMOTION." Riot and civil commotion import occasional local or temporary outbreaks of unlawful violence, which, though temporarily destructive, do not rise to the proportions of organized rebellion against the government.

2. ——: ——. The words "riot or civil commotion" as used in a policy of burglary insurance will be given their popular or usual meaning, and, as used in the policy in suit, *held* to imply the wild or irregular action or tumultuous conduct on the part of three or more persons assembled together for the purpose of doing an unlawful act.

3. Trial: TAKING CASE FROM JURY. Where on the trial of an issue of fact the proof relating to the disputed issue is so clear and conclusive that reasonable minds cannot reach different conclusions, it is not error for the trial court to dismiss the jury and enter judgment in accordance with the evidence.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*J. J. Friedman,* for appellants.

*E. J. Svoboda* and *Kennedy, Holland, DeLacy & McLaughlin,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., BROWN and ELDRED, District Judges.

MORRISSEY, C. J.

Plaintiffs brought suit against defendant on a policy of burglary insurance. At the conclusion of the evidence, on motion of defendant, the jury were dismissed and the court entered judgment for defendant. Plaintiffs appeal. The general clause of the contract insures against loss in the following terms:

"A. For all loss by burglary of merchandise, described in the schedule hereof, and furniture and fixtures from within the premises as hereinafter defined, occasioned by any person or persons who shall have made felonious entry into the premises by actual force and violence when the premises are not open for business, of which force and violence there shall be visible marks made by tools or explosives upon the premises at the place of such entry."

The petition alleged that on September 28, 1919, while the policy in suit was in full force, and during the hours when plaintiffs' store was not open for business, the store was burglarized and merchandise to the value of $547.15

carried away.

The paragraph of the answer which constitutes the main defense is as follows:

"Defendant alleges that, if the said premises were broken into by force and violence and any merchandise taken from the said premises at the said time, said breaking and entering of the said premises occurred through and loss resulted from and was contributed to by the riot and civil commotion on September 28, 1919, in the city of Omaha, Douglas county, Nebraska, and that loss of any goods from the said premises was the result directly or indirectly of the said riot and civil commotion. That the said contract alleged in said plaintiffs' petition contained the provision as follows: 'The company shall not be liable for any loss from * * * riot * * * or civil commotion.' "

Plaintiffs' counsel very tersely state the issues: "We contend that it was clearly a question of fact for the jury to decide from the evidence, under proper instructions of the court, first, whether the material allegations of plaintiffs' petition had been sustained, and, secondly, whether *civil commotion and riot* existed at the time of the breaking and entering of plaintiffs' store, and, if so, that the loss sustained by the plaintiffs was due to such riot and civil commotion and that said causes were the proximate and efficient causes of the burglary and consequent loss."

Plaintiffs' store was broken into and goods were carried away at the time alleged in the petition. Were it not for the provision of the policy, which provides that the defendant shall not be liable for loss caused by "riot * * * or civil commotion," there would be no question as to plaintiffs' right to recover.

It seems to be conceded that at the time plaintiffs' store was broken into, and for several hours prior thereto, there was a riot in the city of Omaha, with the courthouse of Douglas county, and the county jail, located on the top floor thereof, the principal point of attack. Plaintiffs' store was located on a different street from

the courthouse and several blocks distant therefrom. It is claimed by defendant that the rioters attacking the courthouse surged back and forth over the streets of the city, breaking into several places of business, among others being plaintiffs' store, and that they carried away firearms and ammunition to use in the attack upon the courthouse, which was made for the purpose of securing possession of a prisoner who was then confined in the county jail.

Plaintiffs, as we understand their position, do not concede that the rioters who assembled for the purpose of taking the prisoner from the county jail and lynching him were the same parties who broke into the store and carried away the goods, which consisted chiefly of firearms and ammunition. Defendant's contention is that it is immaterial whether the crowd at the courthouse and the crowd assembled in front of plaintiffs' store be regarded as one body or as two; that in either event the loss suffered fell within the exemption clause of the policy pleaded by defendant. We do not deem it necessary to set out the testimony of the witnesses verbatim. Plaintiffs did not see the breaking, but we have the testimony of several disinterested witnesses, each describing the scene in substantially the same manner. From this testimony, which is free from material conflict, it appears that groups of men were going up and down the streets making a great noise; that they broke and entered at least eight places of business; that firearms were taken out and shots were discharged and that from time to time they called, "Let us get some ammunition," "Let us get some guns," "Lynch him," "Kill him," and "Get the nigger." They did not seem to be working as individuals, but as groups made up of many individuals. At least one policeman is shown to have been in the vicinity of plaintiffs' store, but he was apparently unable to quell the commotion. It appears that the parties who inflicted the loss on plaintiffs were engaged in the unlawful, and

in the end successful, effort to get possession of the prisoner and lynch him.

Riot and civil commotion import occasional local or temporary outbreaks of unlawful violence, which, though temporarily destructive, do not rise to the proportions of organized rebellion against the government. *Boon v. Aetna Ins. Co.,* 40 Conn. 575. The words "riot or civil commotion" as used in the policy in suit will be given their popular or usual meaning, and be held to imply the wild or irregular action or tumultuous conduct on the part of three or more persons assembled together for the common purpose of doing an unlawful act.

The proof is conclusive that a "riot or civil commotion" existed, and that it was the proximate cause of plaintiffs' loss. Under the evidence, reasonable minds could not reach different conclusions, and there was no question to submit to the jury. It follows that the court did not err in entering judgment for defendant, and the judgment is

AFFIRMED.