W. T. MARTIN, AS ADMINISTRATOR OF THE ESTATE OF SAM
A. MOORE, DECEASED, *Plaintiff in Error*, v. SUN INSUR-
ANCE OFFICE OF LONDON, A CORPORATION, *Defendant in
Error.*

Opinion Filed March 3, 1922.

1.  The valued policy statute of this State (Sec. 4281, Revised
    General Statutes), is not repugnant to the provisions of the
    Constitution of this State nor of the United States.

2.  Where several concurrent policies of fire insurance are writ-
    ten upon buildings or structures with the knowledge or con-
    sent of the several insurers, the aggregate amount of all
    such policies is the value of the property insured, notwith-
    standing clauses in such policies purporting to limit liability
    of the insurer to a less amount.

3.  The contract between an insurer of real estate and a mort-
    gagee of the insured premises under the standard mortgage
    clause is independent of the principal contract of insurance
    contained in the policy between the insurer and the assured
    owner of the premises and is not subject to forfeiture by
    reason of any act or omission of the person originally in-
    sured.

4.  Since the insurer usually selects the language employed,
    doubtful terms in an insurance policy should be liberally
    construed in favor of the insured so as not to defeat, with-
    out plain necessity, his indemnity, which in taking the in-
    surance it was his object to secure.

5.  Under a standard mortgage clause in a fire insurance policy
    upon real estate providing that the insurance as to the in-
    terest of the mortgagee shall not be invalidated by any act
    or neglect of the mortgagor or owner, the mortgagee is not
    required to accept, in settlement of his claim for total loss
    sustained, less than the amount of his policy where the
    owner, without his knowledge or consent, obtains additional

insurance upon the mortgaged property, notwithstanding the mortgage clause contains a provision that the insurer shall not be liable under the policy for a greater proportion of any loss sustained thereunder than the amount of such insurance bears to the whole amount of insurance on the property.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*Guy A. Andrews* and *Joseph E. Williams,* for Plaintiff in Error;

No appearance for Defendant in Error.

WEST, J.—This suit was brought by plaintiff as representative of the deceased mortgagee to recover from defendant, a fire insurance company, the amount of a policy of insurance issued by it covering a dwelling house in the City of Tampa. Under a standard mortgage clause attached by the insurer to the policy loss, if any sustained thereunder, was made payable to the deceased mortgagee The amount of the indebtedness secured by the mortgage upon the building and land upon which it was situated was in excess of $2,000. The policy, a New York standard form, was for $2,000. The building insured was subsequently destroyed by fire, the loss being total. At the time of its destruction title to the property rested in Dalsedia Ross, the mortgagor.

The declaration, which is in substantially the statutory form, alleges the issuance of the policy sued on for the consideration stated to the then owner of the property, insuring him against loss by fire to the amount of $2,000 for

a term of three years from the date of the issuance of the policy; the transfer of the property insured to the holder of the legal title at the time of the loss; the execution of the mortgage by such owner to plaintiff's intestate on the building insured and the land upon which the same was situated for the sum of $2,000 covering said property; the destruction of the building by fire and loss thereby occasioned to the amount of $3,700 under such circumstances as to come within the terms of the policy and to render liable the defendant insurer upon the policy to the amount of $2,000, of which loss defendant had notice within the time fixed in the contract. It further alleges that the policy contained a provision that loss or damage, if any sustained thereunder, should be payable to the deceased as first mortgagee as his interest should appear and that said policy as to said mortgagee should not be invalidated by any act or neglect of the mortgagor or owner of said property; that said owner was indebted to the deceased mortgagee at the time of the destruction of the building in a sum exceeding the amount of said insurance on said building and in a sum in excess of the value of all securities held by him; that although all conditions have been performed and fulfilled, and all events and things existed and happened, and all periods of time have elapsed to entitle the plaintiff to a performance by the defendant of said contract, and to entitle plaintiff to the said sum of $2,000, and nothing has occurred to prevent the plaintiff from maintaining this action, yet the said defendant has not paid or made good to said plaintiff said amount of the loss and damage aforesaid, or any part thereof, but refuses to do so. The death of the mortgagee and the appointment and qualification of plaintiff as his administrator are alleged. The policy is attached to and made a part of the declaration.

To this declaration the defendant filed four pleas, two of which were held bad upon demurrer, but as to the other two the demurrer was overruled.

By one of the latter pleas it is averred that on or before the date of the alleged loss there was other insurance issued to and held by the owner of the property to the amount of $1,325, and so it is that the defendant is not liable because of the policy of insurance sued upon in any sum in excess of 2000/3325 of $2,000, the amount of the policy.

By the other it is averred that defendant is liable to plaintiff only by virtue of the "mortgage clause" of said policy which provides among other things that " in case of any other insurance upon the within described property, this company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise;" that there was other insurance upon said property issued to and held by a party having an insurable interest therein, namely, the said owner; that said other insurance was in the sum of $1,325; that the insurable value of the building was fixed in the contract sued on at $2,000, and therefore the loss or damage to said building sustained by reason of the fire did not exceed $2,000 and defendant is not liable under said contract for any sum in excess of 2000/3325 of $2,000, the amount of the policy sued on.

Plaintiff filed replication to these pleas which was demurred to by defendant. Upon a hearing this demurrer was sustained. Plaintiff thereupon refused to plead further and judgment was entered by the court in favor of plaintiff and against defendant but for an amount less than

the full amount of the policy sued on. To review this judgment plaintiff took writ of error.

By assignments of error two closely related questions are raised, both of which are argued and insisted upon in the brief filed in behalf of plaintiff.

The first presents the question of the effect of the valued policy statute in its application to the facts of this case. With respect to this question it is contended generally that notwithstanding the policy provisions fixing the insurable value of the building destroyed at $2,000, permitting no concurrent insurance and providing that the insurer "shall not be liable under this policy for a greater proportion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurable interest therein," still, under the provisions of the valued policy statute of this state (Sections 4281, 4282, 2728, Revised General Statutes of Florida) and the facts as shown by the pleadings, the insurer was liable in the full amount of its policy and the judgment entered against it in plaintiff's favor for less than this amount is error. This statute has been held by this court (Hartford Fire Ins. Co. v. Redding, 47 Fla. 228, 37 South. Rep. 62; L'Engle v. Scottish Union & National Fire Ins. Co., 48 Fla. 82, 37 South. Rep. 462) to be valid. This being true, any provisions of the policy under consideration in conflict with the statute are devitalized by it.

The theory of plaintiff upon this branch of the case is that where several concurrent policies are written upon real estate the aggregate amount of all such policies is the value of the property insured, notwithstanding clauses in such policies inconsistent with the provisions of the statute.

This seems to be the general rule in jurisdictions where similar statutes have been enacted. 14 R. C. L. 1305; Oshkosh Gas-Light Co. v. Germania Fire Insurance Co., 71 Wis. 454, 37 N. W. Rep. 819, 5 Am. St. Rep. 233; Havens v. Germania Fire Ins. Co., 123 Mo. 403, 27 S. W. Rep. 718, 45 Am. St. Rep. 570, 26 L. R. A. 107 and note; National Fire Insurance Co. v. Denison, 93 Ohio St. 404, 113 N. E. Rep. 260, L. R. A. 1916F, 992; Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 578. But it is subject to the important qualification that the several concurrent policies shall be with the knowledge or consent of the several insurers. This would seem to be necessary where non-consent to additional insurance is expressed in the policies as was done in this case. Plaintiff's pleas do not bring him within the provisions of this rule. He is therefore not in position to invoke it and the first contention made cannot be sustained.

The second question is whether under the circumstances shown by the pleadings to exist plaintiff was entitled to recover the full amount of the policy sued on or only the proportion that this policy bore to the whole amount of insurance upon the building at the time of its destruction.

We have said that the insured in whose behalf plaintiff sues is a mortgagee of the premises and building covered by the policy which was destroyed by fire and that he was indemnified against the loss of his security by a standard mortgage clause attached to the policy, by the terms of which loss, if any thereunder, was payable to him as a mortgagee.

The contract between an insurer of real estate and a mortgagee of the insured premises under the standard mortgage clause is independent of the principal contract

of insurance contained in the policy between the insurer and the assured owner of the premises and is not subject to forfeiture by reason of any act or omission of the person originally insured. Fire Association of Philadelphia v. Evansville Brewing Association, 73 Fla. 904, 75 South. Rep. 196; Glens Falls Ins. Co. v. Porter, 44 Fla. 568, 33 South. Rep. 473; Ostrander on Fire Insurance, p. 502.

By the mortgage clause, which of course must be conceded to be the basis of plaintiff's claim and in the absence of which he would have no standing, it is provided, as averred in the plea, that the insurer shall not be liable under the policy for a greater proportion of any loss sustained thereunder than the amount of such insurance bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurable interest therein, but it is also provided in this clause of the policy that "this insurance, as to the interest of the mortgagee or trustee, only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured."

The plea does not aver that such additional insurance was obtained with the consent of the deceased mortgagee or with his knowledge. It is clear that the procuring of additional insurance by the owner upon the building without the consent of the mortgagee would be an act of the mortgagor invalidating *pro tanto* the interest of the mortgagee in the insurance payable to him if the provision limiting the liability of the insured to the proportion of any loss sustained which the amount of its insurance bears to the whole amount of insurance upon the property is applicable. If this provision is to apply, the mortgagor owner by his act of obtaining additional insurance upon the building would diminish proportionately the value of

the security of the mortgagee. If this may be done the protection of the mortgagee may be reduced to a minimum without his knowledge or consent and the value of his security will be a matter of speculation, depending on the good or bad faith of his debtor, the owner. By increasing his own insurance, thereby promoting and enhancing his own interest, the owner will reduce and impair automatically the value of the security of his creditor. All of which is inconsistent with the provisions of the mortgage clause by which it is agreed that no act of the mortgagor or owner shall invalidate the interest of the mortgagee.

Why two provisions in apparent conflict should have been inserted in this mortgage clause is not clear. It is clear that the language of both cannot be given full force and effect. Since the insurer selected the language employed, if the meaning is obscure it should be liberally construed in favor of the insured so as not to defeat without plain necessity his indemnity, which in taking the insurance it was his object to secure. National Surety Co. v. Williams, 74 Fla. 446, 77 South. Rep. 212; National Bank v. Insurance Co., 95 U. S. 673; Western Ins. Co. v. Cropper, 32 Penn. St., 351, 355; Reynolds v. Commerce Fire Ins. Co., 47 N. Y. 597, 604; Travellers' Ins. Co. v. McConkey, 127 U. S. 661, 666; Fowkes v. Manchester & Life Assn. 3 Best & Smith, 917, 925.

This clause received consideration by the Court of Appeals of New York in the case of Eddy v. London Assurance Corporation, 143 N. Y. Rep. 311, 38 N. E. Rep. 307, 25 L. R. A. 686, where the court, speaking through Mr. Justice Peckham, said "It is clear that the only object of the mortgagee is to obtain a security upon which he can rely, and this object is of course, also plain and clear to the insurer. Both parties proceed to enter into a con-

tract with that one end in view. In order to make it plain beyond question the statement is made that no act or neg-lect of the owner with regard to the property shall invali-date the insurance of the mortgagee. When, in the face of such agreement, entered into for the purpose stated, there is also placed in the instrument a provision as to the pro-portionate payment of a loss, we think the true meaning to be extracted from the whole instrument is that the insur-ance which shall diminish or impair the right of the mort-gagee to recover for his loss is one which shall have been issued upon his interest in the property, or when he shall have consented to the other insurance upon the owner's interest. This may not, perhaps, give full effect to the strict language of the apportionment clause, but if full effect be given to that clause, and it should be held to call for the consequent reduction of the liability of the in-surers in such a case as this, then full effect is denied to the important and material, if not the controlling, clause in the contract, which provides that the insurance of the mortgagee shall not be injuriously 'impaired or affected' by the act or neglect of the owner. As used in these mort-gagee clauses, this is the meaning of the word 'invali-date.'' (Hastings v. Ins. Co., *supra,* at page 149.)

''We must strive to give effect to all the provisions of the contract and to enforce the actual meaning of the par-ties to it as evidenced by all the language used within the four corners of the instrument. We are also at liberty to consider the purpose for which the contract was executed, where that purpose plainly and necessarily appears from a perusal of the whole paper. That construction will be adopted, in the case of somewhat inconsistent provisions, which, while giving some effect to all of them, will at the same time plainly tend to carry out the clear purpose of the agreement; that purpose which it is obvious all the

parties thereto were cognizant of and intended by the agreement to further and to consummate.'' See also Hardy v. Lancashire Ins. Co., 166 Mass. 210, 44 N. E. Rep. 209, 33 L. R. A. 241, 55 Am. St. Rep. 395; Germania Fire Ins. Co. v. Bally, 109 Ariz. 580, 173 Pac. Rep. 1052. There are authorities to the contrary (Hartford Fire Ins. Co. v. Williams, 63 Fed. 925, 11 C. C. A. 503; Sun Ins. Office v. Varble, 103 Ky. 758, 46 S. W. Rep. 486, 41 L. R. A. 792) but we think the sounder view is that held by the New York, Massachusetts and Arizona courts.

Besides, while the insurer in this case is a foreign company, its branch office in this country is in New York City. It was therefore no doubt familiar with the construction placed upon this clause of its policy by the New York courts before issuing the policy sued on in Florida. This being true, it will, we assume, hardly be disposed to complain of a construction of its contract adopted here from the jurisdiction of its domicile in this country.

From what has been said it follows that inasmuch as defendant's fourth plea fails to aver that the additional insurance issued upon the owner's interest in the property was consented to by the deceased mortgagee or was with his knowledge, it set up no defense to his action and should have been overruled. The order sustaining this demurrer to this plea was error for which the judgment must be reversed.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.