## FEDERAL INS. CO. et al. v. TAMIAMI TRAIL TOURS, Inc., et al.

### No. 9550.

Circuit Court of Appeals, Fifth Circuit.

Feb. 27, 1941.

H. Reid DeJarnette, of Miami, Fla., for appellant.

Morris E. White, H. C. Tillman, and A. Pickens Coles, all of Tampa, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Tamiami Trail Tours, of Tampa, Florida, bought a bus from the White Motor Company under a conditional contract of sale. It insured the bus with the Federal Insurance Company against loss by fire, and a standard mortgage clause was attached making the proceeds payable to the insured, and to the White Motor Company and the Bank of Everglades, mortgagees, as their respective interests should appear. The bank held a blanket mortgage on everything Tamiami owned.

Tamiami had paid only a part of the purchase price when, due to a defect in construction, the bus caught fire and was destroyed. This suit was brought by Tamiami Trail Tours, Inc., to recover on the insurance policy for itself and for the use and benefit of the mortgagees. When the issues were joined, it was found that the insurer acknowledged its liability to Tamiami in the sum that it had paid on the purchase price of the bus, and acknowledged that the interest of the bank was identical with that of Tamiami. The case before us, therefore, is actually a dispute between the insurer and White Motor Company.

The answer filed by appellant seemed to raise two defenses. The first set up that the loss was caused by the fault of the White Motor Company, and that such negligence rendered its rights under the insurance contract unenforceable. The second defense was that, by the sale of the truck, the manufacturer impliedly warranted that the bus was fit to be used for the purposes for which it was intended; that the fire was caused by a structural defect attributable only to the negligence of the manufacturer, breaching the warranty; that Tamiami Trail Tours, as purchaser, was entitled to rescind the contract of purchase, recover any sums paid thereon, and rightfully refuse to pay the remaining balance; and that the insurer was subrogated to these rights. Although the insurer insists that its quarrel is restricted to the White Motor Company, it has not paid any money to the other payees, and they have remained interested and active parties to this litigation. The district court gave a summary judgment for the full amount sought.

The relationship between the White Motor Company and the insurer arose out of the inclusion of the former in the mortgage clause in the policy. The nature of this relationship, under the law of Florida, is that of a separate and independent contractual status between the parties.[1]

1 Syndicate Ins. Co. v. Bohn, 8 Cir., 65 F. 165, 27 L.R.A. 614; Westchester Fire Ins. Co. v. Norfolk Bldg. & Loan Ass'n, 8 Cir., 14 F.2d 524; Home Ins. Co. v. Currie, 5 Cir., 54 F.2d 203; Fire Association of Philadelphia v. Evansville Brew. Co., 73 Fla. 904, 75 So. 196; Martin v. Sun Insurance Office, 83 Fla. 325, 91 So. 363.

The provisions of the insurance policy are covenants which inure to the contracts of both owner and mortgagee, and are enforceable by either, unless the fault of one or the other or both has stripped him of his power to enforce.[2]

 The White Company, being an "insured" under the policy, was privileged to claim for itself any rights or defenses erected by the policy or by law in its favor. So doing, it points out that it is not charged with either gross negligence or fraud, and relies upon the established rule that an insurer is liable for a loss by fire which, though caused by the fault or negligence of the insured, did not result from his fraud or gross negligence.[3]

An overwhelming percentage of all insurable losses sustained because of fire can be directly traced to some act or acts of negligence. Were it not for the errant human element, the hazards insured against would be greatly diminished. It is in full appreciation of these conditions that the property owner seeks insurance, and it is after painstaking analysis of them that the insurer fixes his premiums and issues the policies. It is in recognition of this practice that the law requires the insurer to assume the risk of the negligence of the insured and permits recovery by an insured whose negligence proximately caused the loss.[4] In the absence of fraud or gross negligence on the part of the insured, his negligence is no defense against his recovery.

[5, 6] Apart from the contract of insurance, however, the insurer relies upon the alleged breach of warranty. It is claimed that the purchaser had a right of recovery for the breach to which the insurer was subrogated. To obtain the benefits of subrogation, several conditions precedent must be complied with, one of which is the payment of the obligation owed the third party.[5] The doctrine of subrogation is based upon principles of natural justice; it is created to afford relief to those required, as insurers, to pay a legal obligation which ought to have been met, either wholly or partially, by another.[6]

Aside from the appellant's failure to pay, there is no room to subrogate the insurer to the rights of one insured to defeat another insured in the face of the undertaking to insure both. The appellant insured the whole value of the bus in favor of all the persons interested as their interests might appear. When and if it pays any or all of them, it will have done only what it ought to do and what the judgment of the court below requires it to do.

The judgment of the district court is affirmed.

---

[2] Fire Association of Philadelphia v. Evansville Brew. Co., supra; Martin v. Sun Insurance Office, supra.

[3] Columbia Ins. Co. of Alexandria v. Lawrence, 10 Pet. 507, 9 L.Ed. 512; Waters v. Merchants Louisville Ins. Co., 11 Pet. 213, 9 L.Ed. 691.

[4] Phœnix Ins. Co. v. Erie Trans. Co., 117 U.S. 312, 6 S.Ct. 750, 29 L.Ed. 873; 29 Am.Jur. p. 778; Beven's Negligence in Law, p. 498.

[5] Aetna Life Ins. Co. v. Town of Middleport, 124 U.S. 534, 8 S.Ct. 625, 31 L. Ed. 537; Prairie State Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L. Ed. 412; American Surety Co. of New York v. Lewis State Bank, 5 Cir., 58 F. 2d 559.

[6] Memphis & Little Rock Railroad v. Dow, 120 U.S. 287, 7 S.Ct. 482, 30 L.Ed. 595; Aetna Life Ins. Co. v. Town of Middleport, supra; Montgomery v. City of Charleston, 4 Cir., 99 F. 825, 48 L.R. A. 503; American Surety Co. of New York v. Lewis State Bank, supra; Sheldon on Subrogation, §§ 2, 3.