231 So.2d 22 (1970)
Gladys QUICK, Individually and As Natural Guardian and Next Friend of Thomas F. Ahearn, a Minor, Appellants,
v.
NATIONAL INDEMNITY COMPANY, Appellee.
No. 69-118.
District Court of Appeal of Florida. Fourth District.
February 6, 1970.
*23 Larry Klein, of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for appellants.
Don Allen, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellee.
CROSS, Chief Judge.
Appellant-plaintiff, Gladys Quick, individually and as natural guardian and next friend of Thomas F. Ahearn, Jr., a minor, appeals a summary final judgment entered in favor of the appellee-defendant, National Indemnity Company, in an action on an insurance policy to recover damages as a result of a collision with an uninsured motorist. We reverse.
On August 26, 1965, the minor plaintiff, Thomas F. Ahearn, Jr., was involved in an automobile accident with an uninsured motorist. At the time of the accident there was in full force and effect a certain combination automobile liability policy issued by the company to Ralph A. Quick, Jr., the named insured, who was the husband of the plaintiff, Gladys Quick. Notice was given to the company of a claim under the policy.
The company notified the plaintiffs that the policy did not provide uninsured motorist coverage, and as a consequence declined *24 to make any payment on account of any claims.
Plaintiffs then brought suit against the defendant, alleging that the plaintiffs were entitled to recover damages as the result of the collision with an uninsured motorist and attached as an exhibit to their complaint the insurance policy under which the claim was sought. The policy contained the following endorsement:

Defendant answered the complaint alleging in essence that there was no uninsured motorist coverage. Pretrial discovery procedures elicited the following facts surrounding whether uninsured motorist coverage was desired or obtained.
In June of 1964 plaintiff went to one Mr. Oyer, an insurance agent, to purchase an insurance policy to cover her son who was buying a motorcycle. The company required the execution of an application form, which contained among others the question, "Is uninsured motorist and solvency insurance wanted?" Typed in as answer to question is "No." This application was signed by Mrs. Quick in her husband's name. On deposition Mrs. Quick stated that she advised the agent that she wanted the same coverage for the motorcycle as they had on their own automobile. Testimony was adduced to the extent that the Quicks had uninsured motorist coverage on all of their automobile insurance policies which Mr. Oyer had previously written for them. The policy which issued based upon the application had the term from June 1964 to June 1965, at which time the Quicks permitted the policy to expire since their son was away at school. When their son returned home, they wished again to obtain insurance coverage. At this time the plaintiff, Gladys Quick, signed her own name as applicant to another application identical in form to the first. The accident in this case occurred in August 1965, during the time in which the second policy was in force and effect.
In contrast to the plaintiff's deposition, the deposition of the agent reveals that when the first insurance policy was issued the plaintiffs were advised about the availability of uninsured motorist coverage. However, it is asserted that at that time they stated that they did not desire to have it. As to the time when the second policy was issued in 1965, the agent's recollection *25 was vague but he thought that one of the employees in his office had typed up the application and that he had only spoken briefly to Mrs. Quick. It was the agent's recollection that Mrs. Quick stated that she wanted the same insurance coverage on the motorcycle which she had previously taken, but he did not remember any of the details as to what had occurred. The insurance agent also testified that it was possible that Mrs. Quick had signed the application in blank, it having been later typed up. The agent's deposition revealed that the Quicks had uninsured motorist coverage on all of their automobile insurance policies which he had written for them. The agent had no explanation as to why the endorsement setting out the waiver of uninsured motorist coverage was stamped "This clause only void." He testified that it was stamped by the company when they prepared the policy, and the endorsement form attached to it.
Discovery procedures having been completed, both parties moved for summary judgment. The trial court determined there was no genuine issue as to any material fact and entered summary judgment in favor of the defendant, National Indemnity Company. This appeal followed.
It has been almost a unanimous holding of all courts that insurance contracts must be liberally construed in favor of the policyholder or beneficiary thereof whenever possible and strictly construed against the insurer in order to afford the protection which the insured was endeavoring to secure when he applied for the insurance. Inter-ocean Casualty Co. v. Hunt, 1939, 138 Fla. 167, 189 So. 240. The basis of this reasoning is that the language of insurance policies is selected by one of the parties only, and the language employed by that party should be construed against it. Martin v. Sun Ins. Office of London, 1922, 83 Fla. 325, 91 So. 363; Poole v. Travelers Insurance Co., 1938, 130 Fla. 806, 179 So. 138. Thus if the meaning of the words employed is doubtful or uncertain, or if for any reason an ambiguity exists in the policy as a whole or in the portions thereof, the insured should have the benefit of a favorable construction. Peerless Insurance Co. v. Sun Line Helicopters, Inc., Fla.App. 1965, 180 So.2d 364; Griffin v. Speidel, Fla. 1965, 179 So.2d 569; Oren v. General Accident Fire & Life Assur. Corp., Fla.App. 1965, 175 So.2d 581.
These rules of construction apply equally as well to automobile liability or indemnity insurance. The provisions of an automobile liability insurance policy are construed favorably to the insured and against the insurer. Preferred Acc. Ins. Co. of New York v. Onali, D.Minn. 1942, 43 F. Supp. 227 (aff'd 8 Cir.1942, 125 F.2d 580); Boulter v. Commercial Standard Ins. Co., 9 Cir.1940, 175 F.2d 763.
In construing insurance contracts, the application becomes a part of the agreement between the parties and the policy and the application taken together constitute the contract of insurance. 13 Appleman, Ins.Law & Practice § 7582 (1965). This general rule is in conformity with F.S. 627.0118, F.S.A., which reads as follows:
"F.S. 627.0118. Construction of policies. Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor, any rider or endorsement thereto." (Emphasis added.)
However, the courts adhere to the proposition that in the event of conflict between the provisions of the application *26 and the policy, the terms of the policy govern. Horning v. Lindsay, 1948, 83 U.S. App.D.C. 363, 169 F.2d 963; Gurley v. Life & Casualty Insurance Company of Tenn., D.N.C. 1955, 132 F. Supp. 289 (aff'd 4 Cir.1956, 229 F.2d 326).
The application in the instant case contains the question "Is uninsured motorist and solvency insurance wanted?" The typed-in answer is "No." Attached to the policy and a part thereof is an endorsement, "Waiver of family protection or protection against uninsured motorist coverage." That entire endorsement had stamped over it in large letters "This Clause Only Void." It can readily be seen that a conflict does arise between the provisions of the application and the policy. There being a conflict in the application and the policy, the policy must govern. The only logical construction of the policy, since the company sought to void the waiver is that there is no waiver of uninsured motorist coverage, i.e., the policy affords protection against uninsured motorist coverage. Such would in our opinion be the meaning which would be attached by an ordinary person of average understanding purchasing the policy in question, bearing in mind that we construe the policy in question to effectuate the purpose of indemnification against loss rather than to defeat it. New England Mutual Life Insurance Co. v. Huckins, 1937, 127 Fla. 540, 173 So. 696.
Accordingly, the summary final judgment entered in favor of the company on non-coverage of insurance as to uninsured motorists is reversed and the cause is remanded with directions to enter a summary judgment as to coverage in favor of the plaintiff.
Reversed and remanded with directions.
REED, J., and METZGER, JOSEPH, P., Associate Judge, concur.