BASKIN, Judge
(dissenting).
I disagree with the majority opinion because, in my view, appellee’s policy covered the theft occurring during and at the place of a riot.
The policy stated:
This policy insures against all direct loss caused by:
# * * * H< *
6. RIOT, RIOT ATTENDING A STRIKE OR CIVIL COMMOTION, including direct loss by acts of striking employees of the owner or tenant(s) of the described building(s) while occupied by said striking employees and shall also include direct loss from pillage and looting occurring during and at the immediate place of a riot, riot attending a strike or civil commotion.
The majority opinion recognizes that the crime occurred during and in the geographical area of the riot, but apparently uncertain as to the proximate cause of the loss, remands for jury consideration. The majority admits that the loss could have resulted from a theft.
I fail to understand how it can be said that a theft, which occurred within an area designated by police as a riot area, does not fall within the coverage of riot insurance, especially when the riot conditions required all of the stores in the area to close and to evacuate their personnel. Although some police protection remained, it is noteworthy that the burglary occurred at the store during the period the owner was forced to remain away and between police inspections.
I see no question remaining for jury consideration. The loss occurred as a direct result of the riot. Fire Association of Phil *1104 adelphia v. Evansville Brewing Association, 73 Fla. 904, 75 So. 196 (1917); Allstate Insurance Co. v. Coin-O-Mat, Inc., 202 So.2d 598 (Fla. 1st DCA 1967); Kirshenbaum v. Massachusetts Bonding & Insurance Co., 107 Neb. 368, 186 N.W. 325 (1922).
I would affirm.