RIVKIND, LEONARD, Associate Judge.
Appellant seeks review of the trial court’s final summary judgment which held that uninsured motorists coverage was provided by the subject insurance policy, having concluded that the written rejection of such coverage by the named insured was in direct conflict with the policy. We reverse.
Appellee, plaintiff below, brought an action for declaratory judgment which sought a determination of whether the plaintiff was entitled to uninsured motorists benefits pursuant to a policy of insurance purchased by his employer. Both sides moved for summary judgment. The court entered summary judgment in favor of the plaintiff.
The facts of this case are undisputed. Paul Gallo, the Casualty Manager for the named insured, GAF Corporation (hereinafter “GAF”), entered into a contract of insurance with the appellant on behalf of GAF on November 11, 1986. This policy covered automobiles used in the course of business by GAF in' various states. Among other things, the policy extended *721 uninsured motorists benefits for those states which required by law that insurance companies provide this coverage. The amount of coverage was set at the statutory minimum in those states. On the same date, Mr. Gallo, on behalf of GAF, also executed a written rejection of uninsured motorists coverage, pursuant to section 627.727(1), Florida Statutes (1985). On August 19, 1987, the appellee, an employee of GAF, was involved in an automobile accident within the State of Florida with an uninsured motorist while driving an automobile owned by GAF and covered under the subject insurance policy. Appellee was denied coverage because GAF had specifically and in writing rejected such coverage.
Because of appellant’s denial of coverage, appellee brought an action for declaratory judgment, alleging that the policy was incomplete because the written rejection was not physically attached to the policy, thereby creating a conflict in the provisions of the written contract of insurance. In granting summary judgment in favor of the plaintiff below, the trial court relied on Quick v. National Indem. Co., 231 So.2d 22 (Fla. 4th DCA 1970). We disagree with the lower court’s reasoning and find that no conflict existed between the provisions of the policy (namely, endorsement A-222, the contractual provision providing for uninsured motorists coverage), and the written rejection of the coverage. Moreover, we find the present case distinguishable from Quick v. National In-dem. Co. In Quick, Mrs. Quick testified that she advised the agent that she wanted the same coverage on a motorcycle as she had on her automobile, all the policies of which contained provisions for uninsured motorists benefits. A statement reading “this clause only void” stamped on the waiver of uninsured coverage endorsement attached to the actual policy caused a conflict in meaning which led this court to conclude that the policy provision controlled over the application which had rejected coverage.
In the policy of the instant case, the sections dealing with the automobiles covered by uninsured motorists insurance are designated by a number “6” which indicates under “Description of Covered Auto Designations Symbols,”: “OWNED AUTOS SUBJECT TO COMPULSORY UNINSURED MOTORIST LAW. Only those autos you own which, because of the law of the state where they are licensed or principally garaged, are required to have and cannot reject uninsured motorists insurance.” (emphasis added). If, as in the present case, the insured complies with the statute by knowingly and affirmatively signing a written rejection, no conflict would appear to arise. On the contrary, this may even be a predictable and logically consistent step in light of the above policy provision, coupled with the fact that the insured executed rejections of this coverage in all the states that permitted such rejection. Finally, on this point, there is no dispute between GAF and the appellant as to the validity of the written rejection of uninsured motorists coverage or of the intent of the insured in executing it for Florida or for any other state.
It is well-established that a policy of insurance together with its application comprise the entire contract. Quick, 231 So.2d at 25 (citing 13 Appleman, Ins. Law & Practice § 7582 (1965)). In Quick the policy provided uninsured motorists coverage while the application rejected it. These two documents presented a conflict in meaning and interpretation. Our scenario is quite different. The policy in the instant case covers uninsured motorists liability insofar as the insured does not sign a written rejection. Thus, it follows that when the insured exercises the option to reject such coverage by signing a written rejection, the coverage does not exist. The written rejection, like an application, amplifies the terms of the policy and also makes up part of the entire contract. § 627.419(1), Fla.Stat. (Supp.1984).
Therefore, the endorsement/rejection in the instant case not only becomes, with the policy, part of the contract, but memorializes the insured’s option afforded under the policy. We conclude that GAF properly exercised its option to reject uninsured motorists coverage pursuant to, and not in conflict with, the policy. Since the instant *722 case and Quick are factually different, the trial court’s reliance on Quick was misplaced. Furthermore, the appellee’s reliance on the argument that the written rejection was not physically attached to the policy does not merit the weight it was given by the trial court. A written rejection of uninsured motorists coverage need not be physically attached to the policy through staples, glue, paper clips or the like. See Johnson v. Occidental Life Ins. Co. of California, 368 So.2d 1032 (La.1979).
Appellant also contends that the ap-pellee (employee) had no standing to claim coverage because of a “technical deficiency.” Del Prado v. Liberty Mut. Ins. Co., 400 So.2d 115 (Fla. 4th DCA), rev. dismissed, 407 So.2d 1105 (Fla.1981). However, we have concluded that no “technical deficiency” is involved in this case as there is no dispute concerning the sufficiency of the written rejection. We therefore disagree with appellant that appellee had no standing.
We reverse the summary judgment which afforded uninsured motorists coverage to the appellee when, pursuant to Florida law, the insured intentionally and in writing rejected such coverage and remand to the trial court with instructions to enter a summary judgment in favor of appellant.
REVERSED AND REMANDED.
HERSEY, C.J., concurs.
POLEN, J., dissents with opinion.