RAMSDELL and another, Respondents, vs. INSURANCE COMPANY OF NORTH AMERICA and others, Appellants.

*October 8—November 7, 1928.*

For the appellants there were briefs by *Bird, Smith, Okoneski & Puchner* of Wausau and *Hicks & Folonie* of Chicago, and oral argument by *Paul H. Heineke* of Chicago and *R. E. Puchner*.

For the respondents there was a brief by *Linderman, Ramsdell & King* of Eau Claire, attorneys, and *Brown, Pradt & Genrich* of Wausau, of counsel, and oral argument by *L. A. Pradt, Jr.,* and *F. W. Genrich*.

CROWNHART, J. There was one building insured; there was one fire; there was one loss. There were two separate insurable interests in the building, and all policies issued were valid policies. These facts are admitted. The policies were all standard policies under the Wisconsin statutes. Each contained the provision that the insurer might at its option rebuild or restore the property instead of paying the loss in cash. None of the companies exercised that right. The lessee also had the right under the lease to restore the building, which it did. It is conceded that the lessee has been paid in full for its loss, which exceeded the insurance carried by the lessors. The lessors, by reason of the restoration of the building by the lessee, have suffered no actual loss, and they recovered only for a theoretical or potential loss.

The trial court arrived at its conclusion by fixing the loss as of the time of the fire, the admitted insurable interest of the lessors, and the valid policies thereon.

We are cited to no case directly in point as to the situation here. We prefer to treat the case as one of first impression. There is no dispute that each policy was an indemnity contract providing for payment only in case of loss and only to the extent of that loss. While at one time gambling contracts in insurance were permitted, the modern view is to the contrary. Now it is practically the uniform rule that one must have an insurable interest and a loss before one can collect on a policy of insurance. This rule is based on public

policy. Did plaintiffs below bring themselves within this rule?

We agree that the damage is to be determined as of the time of the fire. But recovery is contingent on the right of the insurer to restore the building to its former usefulness. When there are other related parties by contract, may not the building be restored by others who have the right to do so, and thus defeat the right of recovery by one who has no loss in fact? The court looks to the substance of the whole transaction rather than to seek a metaphysical hypothesis upon which to justify a loss that is no loss. This is not a case where a stranger to the transaction, out of charity, or for other reasons, might make good the loss of the lessors. The loss has been made good out of a related transaction where the insurance companies might lawfully pool their losses and restore the building at the cost of the damage to the building. They did not do this, but the lessee did restore the building and he has been paid by the insurer the full cost thereof. In equity and good conscience the insurance companies may yet prorate the loss, but we cannot see how it can be held that plaintiffs below had any actual loss.

This results in a reversal of the judgment, and the question of estoppel need not be considered.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the plaintiffs' complaint.