WOHLT, Respondent, vs. FARMERS HOME HAIL, TORNADO AND CYCLONE INSURANCE COMPANY OF SEYMOUR, Appellant.

*October 14—November 10, 1931.*

For the appellant there was a brief by *Albert H. Krugmeier,* attorney, and *Roger R. Tuttrup* of counsel, both of Appleton, and oral argument by *Mr. Tuttrup.*

*Walter P. Melchior* of New London, for the respondent.

ROSENBERRY, C. J. The only question raised upon this appeal is whether or not the plaintiff, Walter Wohlt, had an insurable interest in the building destroyed by the cyclone, which occurred on May 1, 1930. On March 13, 1929, the plaintiff, pursuant to an agreement with his brother Harold, conveyed the premises upon which the building stood by warranty deed to Harold, the stated consideration being one dollar and other valuable consideration. The court found that the actual consideration was $3,500 in cash and twenty-five acres of land owned by Harold Wohlt, which he agreed to convey to the plaintiff, Walter Wohlt, free and clear of all incumbrances. There was at the time a $400 mortgage on the twenty-five acres. The value of the twenty-five acres was reckoned at $1,500, making the total consideration to the plaintiff $5,000. Contemporaneously with the execution and delivery of the deed to Harold, Harold mortgaged the premises to a third party for $4,000. Out of the proceeds of this mortgage he paid the plaintiff $3,500. The deed and mortgage were recorded. Harold had been in possession prior to the transaction as tenant and remained in possession as purchaser, paying no rent after the date of the deed.

At the time of the execution and delivery of the deed there was in force a policy of insurance, insuring the plaintiff against loss or damage by tornado and cyclone, in the amount of $2,000. The building destroyed was worth a sum ex-

ceeding $2,000. At the time of the transaction it was agreed that the plaintiff should retain possession of the policy of insurance in question until Harold had raised the incumbrance upon the twenty-five acres and conveyed an unincumbered title to the plaintiff. While there was no finding that the brother Harold was insolvent, it was found that all of his property was heavily mortgaged.

The defendant insurance company is a farmers' mutual company and the policy of insurance contained none of the ordinary and usual forfeiture clauses. Recovery was had for the full amount of the policy, $2,000. The defendant insurance company also contends that the insurable interest of the plaintiff in the building could under no circumstances exceed $1,500 and that under the terms of the contract it should not exceed $400, being the amount of the incumbrance on the twenty-five acres of land.

Inasmuch as there was no attempt to assign the policy of insurance from the plaintiff to the purchaser, Harold, the trial court could have arrived at the conclusion that the plaintiff was entitled to recover the full amount of the policy only upon the theory that sec. 203.21, Stats., commonly called the valued policy law, applied to the situation. We do not find it necessary to determine in this case whether or not sec. 203.21 applies to insurance other than against loss by fire. While it is true that where the insured, under a valued policy, has some insurable interest which is subject to a hazard and where there is no fraud, accident, or mistake, an agreed valuation is conclusive upon the parties, this must still be subject to the rule that a conveyance by the insured of the property, the loss of which is insured against, ordinarily operates to terminate the policy. Couch, Insurance, § 74c and cases cited. In such a case, if the vendor retains no interest in the property, he can suffer no loss by reason of its destruction. If he retains an interest, the extent of that interest measures the extent of his loss. The plaintiff having agreed to accept $3,500 and a conveyance of the twenty-five

acre tract and having conveyed the farm in question, the contract on the part of the purchaser to convey the twenty-five acres, the plaintiff not having been put in possession, was void and unenforceable. In order to be enforceable there must be possession on the part of the one seeking specific performance. 27 Corp. Jur. p. 354, § 432 and cases cited; 25 Ruling Case Law, § 175 *et seq.* and cases cited. Where the price of land conveyed to another is to be paid in part by a conveyance of land by the other at a valuation fixed by the parties, the plaintiff is entitled, upon the defendant's refusal to make such conveyance, to enforce a vendor's lien for the amount so fixed. *McCoy v. McCoy,* 32 Ind. App. 38, 69 N. E. 193, 102 Am. St. Rep. 223; *Smith v. Price* (Tex. Civ. App.) 230 S. W. 836; *Bennett v. Shipley,* 82 Mo. 428.

Whether sec. 203.21 applies or not, the extent of the plaintiff's interest in the premises was measured by the amount of the purchase price remaining unpaid. He could under no possible theory suffer loss greater than $1,500. The purchaser, Harold, had no claim under the policy as no attempt was made to assign it to him and it did not insure him against loss. Under such circumstances plaintiff's loss could not be greater than his interest, and the agreed valuation having been made, not upon the interest which the insured now has but upon the interest which he then had, it would not apply even if within sec. 203.21.

It is considered, therefore, that the court was in error in holding that the plaintiff could recover $2,000, but having by reason of the transaction in question an interest of the conceded value of $1,500, the policy containing no forfeiture or other clause which terminated it, he may recover the value of the insurable interest of which he was possessed at the time of the loss.

*By the Court.*—The judgment is modified by subtracting therefrom $500, and as so modified is affirmed. Appellant to recover its costs in this court.