S. S. Beman and Marion T. Beman, Appellees, v. Springfield Fire and Marine Insurance Company, Appellant.

Gen. No. 40,818.

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed February 14, 1940.

SCHUYLER & HENNESSY, of Chicago, for appellant; PAUL H. HEINEKE, of Chicago, of counsel.

ROSS & BERCHEM, of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

The case was tried in the municipal court of Chicago on a stipulation of facts, which reads:

"Prior to 1934, plaintiffs were the owners of the premises at 147 Birch Street, Winnetka, Illinois, which

premises were improved by a dwelling. Said premises were owned by plaintiffs, subject to a first mortgage owned by the Chicago Title & Trust Company, as Trustee for an Estate. In 1934 plaintiffs were in arrears in the payment of general taxes on said property and of interest on said first mortgage. To avoid foreclosure, plaintiffs conveyed said premises to the Chicago Title & Trust Company, as Trustee, in consideration of which conveyance the said mortgage was cancelled and plaintiffs were given an option to repurchase said premises from the mortgagee at a price of $20,300.00, plus charges from the date of the conveyance to the time the option to repurchase might be exercised by plaintiffs. Thereupon, plaintiffs vacated said premises and the mortgagee-grantee thereafter had management and control of the same.

"On March 26th, 1936, and on April 9th, 1936, the plaintiffs' option to repurchase the said premises was in full force and effect, and the plaintiffs' interest in said premises, by way of said option to repurchase, had a value in excess of $2,500.00, the fair cash market value of said premises being more than $2,500.00 in excess of what the plaintiffs would have had to pay to repurchase same from the Chicago Title & Trust Company on said dates under their option agreement.

"On March 26th, 1936, the defendant's policy of Insurance was issued to the plaintiffs, after complete disclosure to the defendant by plaintiffs of the latter's option interest in said premises. Plaintiffs' option to repurchase constituted an insurable interest in said premises.

"On April 9th, 1936, the dwelling on said premises was damaged by fire. The amount of said damage was in excess of $2,500.00.

"Plaintiffs gave prompt notice to defendant of said fire and fire damage, and, within sixty (60) days thereafter and on June 8, 1936, served upon defendant a Proof of Loss.

"The Chicago Title & Trust Company, former mortgagee and record owner of said premises at the time of the fire, had procured fire insurance covering only its interest, which insurance was in force on the date of said fire. Plaintiffs' interest under the option agreement was not covered by the insurance procured by the Chicago Title & Trust Company. The fire damage to said residence was repaired by the Chicago Title & Trust Company, which was reimbursed the cost of said repairs by the fire insurance companies which issued the insurance policies to the Chicago Title & Trust Company (not the defendant).

"About one month after said fire damage occurred, and after said repairs had been made, the plaintiffs procured a buyer for said premises and exercised their option to repurchase the same from the Chicago Title & Trust Company. Plaintiffs repurchased said premises under their option agreement in order to make the sale to the buyer they had procured, and plaintiffs' repurchase of the premises and their sale to their buyer were almost simultaneous in time. At the time plaintiffs repurchased the property under their option, the repairs necessitated by the fire damage had been completed, without cost or expense to plaintiffs. The plaintiffs received from their buyer as much for their option interest as they would have received from their buyer had the fire never occurred. . . .

"Plaintiffs claim to be entitled to recover from defendant $2,500.00, the face amount of the defendant's policy, because the amount of fire damage to said property exceeded that sum.

"Defendant denies liability for any payment whatsoever to plaintiffs under said policy, on the ground that plaintiffs suffered no financial loss by reason of said fire or fire damage.

"The sole issue is one of law."

The portion of the policy which is important to the determination of the case reads:

"SPRINGFIELD FIRE & MARINE INSURANCE COMPANY OF SPRINGFIELD, MASS.

"In Consideration of the Stipulations herein named and of Four and 50/100 Dollars Premium, Does Insure Spencer S. Beman and Marion T. Beman for the term on One Year from the 26th day of March, 1936, at noon, to the 26th day of March, 1937, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding Twenty-Five Hundred and 00/100 Dollars."

The case was tried before the court without a jury. On March 13, 1939, the court found the issues against the defendant and entered judgment for the sum of $2,500. This appeal followed.

Plaintiffs' theory is that the policy provides for payment to them of a certain sum upon the occurrence of a certain event, namely, a fire, which damages the insured property; that once the property has been damaged by fire in an amount in excess of the policy limits, liability is fastened on the defendant under the policy; that liability is not extinguished by the repairing by a third person not in privity with either plaintiff or defendant; that such repairs gratuitously made by them by and for a third person without plaintiffs' approval or consent, cannot destroy their right to recover from defendant the amount of the insurer's liability as established under the policy; that the good fortune of plaintiffs in obtaining a purchaser for a price equal to that obtainable before the fire does not abate defendant's liability as established by the fire; that there is liability under the policy because by its terms it so provides, and that the policy is not one of indemnity, because not so written or intended.

Defendant's theory is that an insurance contract is a contract of indemnity; that plaintiffs are not entitled to recover because the damage was repaired by the owners without any expense or loss to them; that after the repairs were made, plaintiffs' exercised an option

to repurchase and sold and received the same amount they would have received had there been no fire, and that plaintiffs have suffered no loss for which recovery may be had under the policy.

The first point urged by defendant is that a contract of insurance is a contract of indemnity, and that plaintiffs are not entitled to recover where they have not suffered any loss. Plaintiffs answer that all policies of fire insurance are not contracts of indemnity; that the language of the policy determines its character, and that when the policy insures "against loss or damage to the property" the insurer is liable for the amount of damage to the property, regardless of the amount of loss suffered by the insured.

Defendant places great reliance on the case of *Schultz for use of Whitlock v. Home Ins. Co. of New York*, 205 Ill. App. 297 (Abst.). An examination of the opinion shows that Schultz made a contract with Stanley Anuczanskas, a contractor, for the construction of a building on a lot owned by Schultz. The owner was to pay the contractor the sum of $3,200. To protect himself against loss by fire during the construction, the contractor insured the building in his own name with the Glen Falls Insurance Company. The owner also took out fire insurance on the building with the same insurance company. When nearly completed and prior to delivery to Schultz, the building was damaged by fire. The appraiser for the insurance company appraised the damage at $798.50. The contractor, agreeing to this, was paid this amount by the Glen Falls Company. At the same time the owner assigned to R. J. Whitlock, who was the agent of the insurer, any claim he might have against the insurer for loss by fire. The contractor proceeded to complete the building and repaired the damage occasioned by the fire, using therefor nearly all the money received from the insurer. When the building was completed, it was turned over to the owner and accepted by him and the

full amount of the contract price of $3,200 was paid to the contractor. Schultz expressed himself as satisfied with the building and with the repair of the portions damaged by fire, and said that he had suffered no loss through the fire. Plaintiff sued on the policy and was successful in recovering a judgment in the sum of $798.50, which was the amount of the damage. The court, in an opinion by Mr. Presiding Justice Mc-Surely, said:

"By the terms of its policy the defendant contracted to compensate Schultz for any 'loss or damage by fire.' Is he entitled to compensation when he has suffered no loss or damage? We are of the opinion that he is not. The contract of insurance against loss by fire is a contract of indemnity; it is to make good for loss, to compensate for damages. This rule has been stated with great frequency in the text books and in the opinions. . . .

"To allow this judgment to stand is to give plaintiff a clear profit to that amount; for $3,200 he would get not only an equivalent of this amount in the value of the building, but also $798.50. If this should be deducted from the contract price of $3,200, the plaintiff would get a $3,200 house for $2,401.50. The insurance policy was not intended as a policy of profit to the insured; this is contrary to its genius and purpose. . . .

"Plaintiff, having suffered no loss or damage, is not entitled to recover on the policy issued by the defendant; hence the judgment is reversed and judgment of *nil capiat* will be entered in this court." The insurance policy in the *Schultz* case contains the identical language quoted from the insurance policy in the instant case. In support of its argument, defendant cites the case of *Ramsdell v. Insurance Co. of North America,* 197 Wis. 136, 221 N. W. 654; *St. Clara Female Academy of Sinsinawa Mound v. Northwestern Nat. Ins. Co.,* 98 Wis. 257; *Arnfeld v. Guardian Assur. Co.,* 172 Pa. St. 605, 34 Atl. 580; *Palatine Ins. Co. v. O'Brien,* 107 Md.

341, 68 Atl. 484, 16 L. R. A. (N. S.) 1055; 26 C. J. 17, sec. 1; Joyce on Insurance, vol. 1 (2d ed.) pp. 73 and 79, and Cooley's Briefs on Insurance (2d ed.) vol. 1, p. 6. Plaintiffs rely on *Andes Ins. Co. v. Fish,* 71 Ill. 620; *Simmons v. Home Ins. Co.,* 235 Ill. App. 344; *Merrett v. Farmers' Ins. Co.,* 42 Iowa 11; *Kludt v. German Mut. Fire Ins. Co.,* 152 Wis. 637; *Wohlt v. Farmers' Home Hail, Tornado & Cyclone Ins. Co. of Seymour,* 206 Wis. 35, 238 N. W. 809; *Trade Ins. Co. v. Barracliff,* 45 N. J. Law 543; *Commercial Union Assur. Co. v. Scammon,* 126 Ill. 355; *Niagara Fire Ins. Co. v. Scammon,* 144 Ill. 490; *Savarese v. Ohio Farmers' Ins. Co. of Le Roy, Ohio,* 260 N. Y. 45, 182 N. E. 665; *Ely v. Ely,* 80 Ill. 532; *Tiemann v. Citizens' Ins. Co.,* 78 N. Y. Supp. 620; *St. Clara Female Academy of Sinsinawa Mound v. Northwestern Nat. Ins. Co.,* 98 Wis. 257, and *Ramsdell v. Insurance Co. of North America,* 197 Wis. 136, 221 N. W. 654. The last two cases are also cited by defendant. We have carefully examined all of the authorities cited and are convinced that the principles announced by this court in the *Schultz* case are applicable to the facts in the instant case. We are satisfied that the policy of insurance before us constitutes a contract of indemnity.

Plaintiffs insist that collection by the insured from other sources of the amount of his personal loss resulting from the fire does not relieve his insurer of liability occasioned by the fire, and that after liability has accrued because of a fire loss, that liability is not extinguished by repairs made by a third party, not in privity with the insured or insurer. Plaintiffs also declare that the liability of the insurer is fixed by the happening of the fire, and as of that time, and cite cases which they contend support their propositions.

The *Ramsdell* case is a well-considered opinion. Plaintiffs owned a building which they leased for a term of five years to Peterson's Inc. Under the lease, the lessee was permitted to repair and remodel the

building at his own expense, which he did at an expense of $7,800. It thereupon insured its interest in the building for $7,500. The plaintiffs, as owners of the building, also insured their interest in the building for $3,000. In case of fire neither the lessor nor the lessee was required to restore the building, although either might do so. The court said:

"There was one building insured; there was one fire; there was one loss. There were two separate insurable interests in the building, and all policies issued were valid policies. These facts are admitted. The policies were all standard policies under the Wisconsin statutes. Each contained the provision that the insurer might at its option rebuild or restore the property instead of paying the loss in cash. None of the companies exercised that right. The lessee also had the right under the lease to restore the building, which it did. It is conceded that the lessee has been paid in full for its loss, which exceeded the insurance carried by the lessors. The lessors, by reason of the restoration of the building by the lessee, have suffered no actual loss, and they recovered only for a theoretical or potential loss.

"The trial court arrived at its conclusion by fixing the loss as of the time of the fire, the admitted insurable interest of the lessors, and the valid policies thereon.

"We are cited to no case directly in point as to the situation here. We prefer to treat the case as one of first impression. There is no dispute that each policy was an indemnity contract providing for payment only in case of loss and only to the extent of that loss. While at one time gambling contracts in insurance were permitted, the modern view is to the contrary. Now it is practically the uniform rule that one must have an insurable interest and a loss before one can collect on a policy of insurance. This rule is based on public

policy. Did plaintiffs below bring themselves within this rule?

"We agree that the damage is to be determined as of the time of the fire. But recovery is contingent on the right of the insurer to restore the building to its former usefulness. When there are other related parties by contract, may not the building be restored by others who have the right to do so, and thus defeat the right of recovery by one who has no loss in fact? The court looks to the substance of the whole transaction rather than to seek a metaphysical hypothesis upon which to justify a loss that is no loss. . . . They did not do this, but the lessee did restore the building and he has been paid by the insurer the full cost thereof. In equity and good conscience the insurance companies may yet prorate the loss, but we cannot see how it can be held that plaintiffs below had any actual loss.

"This results in a reversal of the judgment, and the question of estoppel need not be considered." In the case at bar the Chicago Title & Trust Company was the owner of the property at the time of the fire. Plaintiffs had an option to repurchase. The trust company was not a stranger. It made the repairs because it was the owner. As in the *Ramsdell* case, "This is not a case where a stranger to the transaction, out of charity, or for other reasons, might make good the loss of the lessors. The loss has been made good out of a related transaction where the insurance companies might lawfully pool their losses and restore the building at the cost of the damage to the building." We agree with the reasoning of the Supreme Court of Wisconsin in the *Ramsdell* case and are of the opinion that it is applicable to the instant case. Let us remember that the parties stipulated that at the time plaintiffs repurchased the property under their option, the repairs necessitated by the fire damage had been completed without cost or expense to plaintiffs, and that plaintiffs received from their buyer for their option

interest as much as they would have received had the fire never occurred. Plaintiffs have been indemnified through the repair of the building by the owner and the sale by them at a figure which was "as much as they would have received from their buyer had the fire never occurred." Hence, they have sustained no loss under the policy.

For the reasons stated, the judgment of the municipal court of Chicago is reversed and judgment is entered here for costs for the defendant and against plaintiffs.

*Judgment reversed and judgment here for costs against plaintiffs.*

HEBEL, J., and DENIS E. SULLIVAN, P. J., concur.