MAHAR, Respondent, vs. UIHLEIN, ·Appellant.

*April 8—May 5, 1942.*

For the appellant there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

For the respondent there was a brief by *Erwin N. Pauly* of Sheboygan Falls, attorney, and *Schanen & Schanen* of Port Washington of counsel, and oral argument by *Mr. Pauly*.

MARTIN, J. On December 9, 1938, defendant Uihlein, by an instrument in writing, sold to the defendant Rose a one-story frame barn located on the Uihlein farm in the town of Grafton, Ozaukee county, for an agreed consideration of $50, which consideration was paid upon execution of the instrument. The agreement provides that the buyer (Rose) "agrees to raze and completely remove said barn structure from said land, that buyer shall begin razing and removing said structure immediately after the execution of this contract, and further agrees that said structure and all salvage and material thereof and therefrom shall be entirely removed from said land on or before December 24, 1938."

The agreement further provides that the buyer shall assume complete charge and control of the razing and removing of said structure, salvage, and material, and in said work agrees to take all reasonable precautions to prevent injury to workmen and others; "said buyer further agrees to indemnify and save harmless the seller and said land from any costs, expenses or damages of any kind or nature resulting or arising on account of personal or other injuries and/or death suffered by any person or persons in, upon or about said structure and land and appurtenances thereto arising directly or

indirectly by reason of the razing and removal of said barn structure, regardless by whom or howsoever caused." The agreement further provides that after removal of said structure the buyer further agrees to remove all material, rubbish, and debris of every kind or nature, and to leave the land now under the barn in an orderly and presentable condition not later than December 24, 1938.

It appears that on December 22, 1938, the plaintiff was engaged in soliciting subscriptions to a farm magazine. To that end, on the date in question he went upon the premises of the defendant Uihlein for the purpose of negotiating a sale of the farm magazine to the defendants Kastner and Rose. As he was conversing with Kastner and Rose a part of the wall of the barn collapsed and fell toward the plaintiff, who, because of his crippled condition, was unable to escape in time. As a result he was struck and injured by a part of the falling wall.

The complaint alleges two causes of action. The first cause of action is grounded upon the theory that Kastner and Rose were employees of the defendant Uihlein. The second cause of action is grounded upon the theory that Kastner and Rose were independent contractors, and that prior to December 22, 1938, defendant Uihlein negligently and without reasonable care selected and employed Kastner and Rose as independent contractors to do dangerous work on his premises; that is, to dismantle and remove the barn.

In his first cause of action plaintiff alleges that it was the duty of the defendant Uihlein by himself and through his agent and employees to furnish and provide for the invitees, licensees, and frequenters, a place which shall be safe for invitees, licensees, and frequenters, and to use proper safety devices and safeguards, and to adopt and use methods of protection reasonably adequate to render such place safe, and to do every other thing reasonably necessary to protect life, health, safety, and welfare of such invitees, licensees, and

frequenters, pursuant to the duty imposed by common law, and more particularly pursuant to the provisions of ch. 101, Stats., the so-called safe-place statute.

The plaintiff contends that the agreement of December 9, 1938, constituted an executory agreement under which the title to the barn was in defendant Uihlein on December 22, 1938, at the time plaintiff was injured; and that Uihlein did or could exercise control over the details of the work on the date plaintiff was injured. There is no allegation in the pleadings or in any affidavit on the motion for a summary judgment to the effect that Uihlein exercised or attempted to exercise any control over the details of dismantling and removing the barn, the title to which had passed to the defendant Rose on December 9, 1938. The agreement provides:

"The buyer shall assume complete charge and control of the razing and removing of said structure, salvage and material."

There can be no doubt that Uihlein, the seller, and Rose, the buyer, intended title to pass as of the date of the agreement, on which date the consideration was paid. Sec. 121.18 (1), Stats., provides:

"Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred."

On the motion for summary judgment the trial court held that by the terms of the contract title to the barn passed immediately upon execution thereof to Alfred Rose. However, the court held that there were probably sufficient allegations in the complaint to raise issues of fact which should be disposed of on a trial, as to whether the safe-place statute was violated by the defendant Uihlein. It appearing conclusively that Rose was the owner of the barn at the time plaintiff was injured, defendant Uihlein having no control over any of the

details of the work of dismantling and removing the barn from his farm, there is no liability on his part to the plaintiff under the provisions of the safe-place statute. He was neither an employer nor owner at the time in question. The duty of having a place of employment safe within the meaning of the safe-place statute is imposed upon either the employer or the owner. Sec. 101.01 (3), Stats., defines the word "employer" as follows:

"The term 'employer' shall mean and include every person . . . having control or custody of any employment, place of employment or of an employee."

Sec. 101.01 (13), Stats., defines the word "owner" as follows:

"The term 'owner' shall mean and include every person . . . having ownership, control or custody of any place of employment or public building, or of the construction, repair or maintenance of any place of employment or public building. . . ."

The allegations in the complaint that Uihlein was the owner and had control of the barn on his premises, therefore constituting a place of employment under the safe-place statute, are of no avail in view of the agreement of December 9, 1938, set out in the pleadings. That agreement determines not only the ownership of the barn on the date plaintiff was injured, but also it specifically fixes the status of defendant Rose in dismantling and removing the barn. He had complete charge and control of the work. There was a time limit within which the work was to be completed.

It is the duty of the court to determine the legal effect of the agreement. We must hold: (1) That title to the barn passed to Rose on December 9, 1938; (2) that Rose and Kastner were not employees of Uihlein; (3) that Uihlein had no right of control over Kastner and Rose in razing and removing the barn; and (4) that the safe-place statute is not

applicable to the facts alleged, particularly in view of the agreement of December 9, 1938. Other contentions are made by counsel, to which no specific reference has been made. They have all been carefully considered, but in view of our conclusions as indicated there is no occasion for further discussion. The defendant Uihlein is entitled to a summary judgment dismissing the complaint herein as to him.

*By the Court.*—Order reversed. Cause remanded with directions to enter a summary judgment dismissing the plaintiff's complaint as to defendant Robert A. Uihlein.