Smith and others, Appellants, vs. Hardware Dealers Mutual Fire Insurance Company and another, Respondents.

*May 28—July 1, 1948.*

For the appellants there was a brief by *Doar & Knowles* of New Richmond, *William P. O'Brien* of Minneapolis, Minnesota, and *J. F. Murry* of River Falls, and oral argument by *W. T. Doar.*

For the respondents there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman* and *Horace W. Wilkie.*

FAIRCHILD, J. The pleadings, exhibits, and affidavits present the following facts: Appellant Earl G. Smith owned property located in the city of Hudson, adjacent to the manufacturing plant of the appellant United Refrigerator Manufacturing Company. Smith operated a bowling alley on the premises. Insurance policies had been issued to him by respondents jointly. In one policy the building was insured for $6,000 from November 14, 1942, to November 14, 1945, and in the other policy the building, furniture, fixtures, and stock were insured for $7,000 from November 22, 1943, to November 22, 1946.

In the fall of 1944, the appellant Cameron negotiated with Smith for the purchase of the property. The Refrigerator Company was willing to help Cameron finance the purchase. The parties agreed informally that the transfer of the property was to be to the Refrigerator Company, and the Refrigerator Company was to enter into a contract with Cameron for the sale of the property to him. While these negotiations were pending, there was some disagreement between Smith and

Cameron as to whether certain equipment claimed by Smith was to be included. During the negotiations there were 'also conversations with representatives of the insurance companies. On October 24, 1944, the respondents sent a letter to Smith, telling him their agent had informed them that he, Smith, was selling the property and directing him to return the policies for cancellation.

On or before November 3, 1944, Smith and his wife executed and delivered to the Refrigerator Company a warranty deed to the real estate and a bill of sale of the personal property. The purchase price of $14,000 was paid in full by check, dated November 3, 1944. On that same day the deed and bill of sale were properly recorded, and a written contract was entered into between the Refrigerator Company and Cameron. By this agreement Cameron agreed to keep the premises insured against fire. From the date of that agreement he was to hold the premises as a tenant by sufferance of the Refrigerator Company. At that time the dispute between Cameron and Smith over certain equipment had not yet been settled, but subsequently Cameron paid $120 for that equipment and Smith agreed to assign the insurance policies to Cameron.

On November 24, 1944, the respondents again wrote Smith, reminding him to send the policies in for cancellation.

On December 2, 1944, Smith assigned his interest in each of the policies to the Refrigerator Company. The attorney for the company, on December 5, 1944, sent the policies to the respondents in order that the assignment might be completed. The respondents replied to the attorney in a letter dated December 9, 1944, and reading as follows:

"Because our companies no longer insure property in which there is a bowling alley, we were in the process of canceling our liability under policies 491784 and 543322 at the time we received your letter of December 5.

"Under the circumstances, we regret that we are not in a position to complete the assignment of these policies to the

United Refrigerator Manufacturing Company, Incorporated, nor can we attach . . . the contract-of-sale clause in favor of Donald C. Cameron.

"Mr. Smith is being informed of our inability to consent to the assignment of these policies, and as soon as the arrangements for cancellation can be completed, our liability under these policies will be terminated.

"Therefore, you will want to notify those concerned as they will undoubtedly want to make immediate arrangements for insurance elsewhere."

On December 20, 1944, the building was destroyed by fire. The policies at that time were still in the possession of the respondents, and Smith had received no formal notice of cancellation.

The substance of appellants' position is that (1) the deal between Smith and Cameron was never consummated since it hinged upon the assignment of the insurance policies with the consent of the insurance companies, and consent was not given; (2) since the companies never did cancel the policies, they were still payable to Smith at the time of the fire; (3) the insurance companies were estopped by their conduct from denying liability.

Any intention the parties may have had to make the transfer contingent upon the assignment of the insurance policies is not expressed in the written documents. Their transactions with respect to the insurance could not alter the fact that legal title to the real estate and personal property had passed to the Refrigerator Company over a month before the fire. The manner in which Smith parted with his title to the property and Cameron and the Refrigerator Company accepted brought about a completed transfer. There was payment in full. *Mahar v. Uihlein* (1942), 240 Wis. 469, 3 N. W. (2d) 683. Cameron was in possession of the premises. Smith, therefore, had no interest in the property at the time of the fire. The policies, which were the standard ones prescribed by sec.

203.01, Stats. 1941 and 1943, each provided that the entire policy would be void if assigned before a loss. Sec. 203.01 has since been changed by ch. 474, Laws of 1945, but as the law stood when these policies were written, the relevant part of sec. 203.01 (2), read as follows:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, . . . (d) if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) ; or (e) if this policy be assigned before a loss."

Under that law Smith was no longer entitled to recover under the policies issued to him after he had transferred the property to others.

The sale of the property and the effort made by Smith to assign the policies could not extend to the vendees the rights that Smith had had so long as he owned the property. A fire insurance policy is a personal contract between the insurer and the named insured. It does not run with the property. *Wohlt v. Farmers Home H., T. & C. Ins. Co.* (1931) 206 Wis. 35, 37, 238 N. W. 809. Cameron and the Refrigerator Company were never parties to any contract with Smith's insurer. The attempt to assign the policies to the Refrigerator Company created no right in the assignee to recovery since the insurance companies did not consent to the assignment as required by sec. 203.01, Stats. 1941 and 1943.

It is urged that the respondents are estopped from defending against the claim of appellants because an agent of the company had advised assignment rather than cancellation of the policies and because cancellation had not been completed. A portion of respondents' letter of December 9, 1944, quoted above, said that liability under the policies would be terminated as soon as arrangements for cancellation could be completed. These circumstances did not modify or alter the effect of the

express provision in the policy that the "entire policy shall be void, unless otherwise provided by agreement in writing added hereto," if assigned before loss.

The appellants' contentions are overcome by the terms of the policy and the statute applicable. The record brings a case of such certainty in respondents' favor that a summary judgment was properly granted and must be affirmed.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.