Max EDLIN and Ida Edlin, Plaintiffs,

v.

SECURITY INSURANCE COMPANY, Philadelphia Fire and Marine Insurance Company, The Home Insurance Company, The Standard Fire Insurance Company, Milwaukee Mechanics' Insurance Company, Defendants.

PEORIA HOUSING AUTHORITY, a Municipal Corporation and Body Corporate and Politic, Intervening Petitioner,

v.

SECURITY INSURANCE COMPANY, Philadelphia Fire and Marine Insurance Company, The Home Insurance Company, The Standard Fire Insurance Company, Milwaukee Mechanics' Insurance Company, Max Edlin and Ida Edlin, Defendants.

Civ. A. No. P-1495.

United States District Court
S. D. Illinois, N. D.

Oct. 2, 1957.

488

Cassidy & Cassidy, Peoria, Ill., for plaintiffs.

Willard B. Gaskins and Edwin V. Champion, Peoria, Ill., for intervening petitioner.

Clausen, Hirsh & Miller, Donald N. Clausen and John P. Gorman, Chicago, Ill., Miller, Westervelt, Johnson & Thomason and Eugene R. Johnson, Peoria, Ill., for defendants.

MERCER, District Judge.

This is an action based upon policies of fire insurance issued by the defendant insurance companies to the plaintiffs seeking a recovery of alleged damage by fire to the buildings described in the policies, said buildings being located at 600–608 North Adams Street, Peoria, Illinois. The fire occurred on November 28, 1952 and it is alleged that the resulting damage thereby exceeded the total of the face amount of defendants' policies of insurance, the total amount of insurance being in the sum of $24,-000. Five insurance companies are involved as defendants herein.

On September 3, 1952, prior to the date of the fire, the Peoria Housing Authority, a Municipal Corporation, and the intervening petitioner herein, filed in the County Court of Peoria County, Illinois, a petition for condemnation of the real property upon which the buildings described in defendants' policies of insurance were located. The plaintiffs herein, Max Edlin and Ida Edlin, were named as defendants in the condemnation proceeding and were duly summoned to appear in the condemnation action.

This suit proceeded to trial on January 6, 1953 in the County Court of Peoria County, Illinois and on January 10, 1953 the jury returned a verdict therein in favor of the said Max Edlin and Ida Edlin in the sum of $43,500. Subsequent thereto and on January 20, 1953 a final order and decree was entered on this award and on the same day the award was thereupon paid to Max Edlin and Ida Edlin by the Peoria Housing Authority.

 A long and well-established rule in the State of Illinois in a condemnation proceeding provides that the value of property sought to be condemned is to be determined as of the date of the filing of the petition without regard to any increase or decrease in the value of the property between that date and the date of trial or the date of judgment or the date of payment. This rule of law was invoked by the County Court of Peoria County, Illinois in the condemnation proceeding, the presiding judge in the condemnation proceeding having instructed the jury in this regard. Consequently, the verdict of the jury was based exclusively on evidence of the value of the property in question as of September 3, 1952, being the date of the filing of the petition, and therefore, it must be concluded that the jury did not take into account any decrease in the value of the property by reason of the fire of November 28, 1952. The question presented by the foregoing facts is whether the insured, being the plaintiffs herein and being named in the defendants' policies of insurance, has sustained a pecuniary loss by reason of the damage to the property in question by fire and if no such pecuniary loss appears whether the plaintiffs may nevertheless recover under the said policies to the extent of the damage sustained.

It is the opinion of the Court that the condemnation award, which has been paid by the Housing Authority and received by the plaintiffs, was based exclusively upon evidence of value of the

property prior to the date of the fire and it is the further opinion of the Court that the plaintiffs have not sustained a pecuniary loss by reason of the fire. The Court is required to answer the further question as to whether the plaintiffs may, in spite of the fact that they have suffered no pecuniary loss, recover under said policies. There appears to be a conflict of authority in answer to the latter question. One line of authorities which for convenience may be called the "New York Rule" holds that the rights of an insurer and the insured under a fire insurance policy are established as of the time of the fire and loss and that the fact that the insured has ultimately recouped his loss from another source does not relieve the insurer of its liability. There are also cases in other states which follow the New York rule, including Massachusetts, Michigan, Pennsylvania and others. There is, however, respectable authority opposed to the New York rule.

 It is the opinion of this Court that Illinois does not follow the New York rule but follows a rule that a contract of fire insurance is a contract of indemnity against such loss or damage as the insured may sustain by reason of the destruction of the property described in the policy and that where no financial or pecuniary loss has been sustained by virtue of such destruction there can be no recovery. (Citing: Beman v. Springfield Fire and Marine Insurance Company, 303 Ill.App. 554, 25 N.E.2d 603; Schultz, for Use of Whitlock v. Home Insurance Company, 205 Ill.App. 297; Patterson v. Durand Farmers Mutual Fire Insurance Company, 303 Ill.App. 128, 24 N.E.2d 740.)

This Court has carefully examined the Beman case and is impressed with the clarity of said opinion. In the instant case the Court looks to the substance of the whole transaction rather than to seek a metaphysical hypothesis on which to justify a loss that is no loss. This Court is not convinced that the plaintiffs herein have had any actual loss.

In 44 C.J.S. Insurance § 224, p. 933, it is said: "Fire insurance is a personal contract with insured, and not a contract in rem, its purpose being not to insure property against fire, but to insure the owner of the property against loss by fire." In 45 C.J.S. Insurance § 915, p. 1010, it is said: "Since a contract for insurance against fire ordinarily is a contract of indemnity, as discussed supra § 14, insured is entitled to receive the sum necessary to indemnify him, or to be put, as far as praticable, in the same condition pecuniarily in which he would have been had there been no fire; that is, he may recover to the extent of his loss occasioned by the fire, but no more, and he cannot recover if he has sustained no loss."

In support of the last clause of the text the Illinois Appellate Court cases heretofore mentioned are cited in support of the above doctrine. The case of Ramsdell v. Insurance Company of North America, 197 Wis. 136, 221 N.W. 654, is also cited.

 This Court recognizes the conflict of authority upon the questions involved but feels constrained to follow what it considers to be the law of Illinois upon the subject as enunciated in the Beman case. In the case at bar this Court must apply the law of Illinois irrespective of which of the conflicting views the Court might think preferable. As the highest State Court of Illinois has not passed upon the question here at issue this Court is bound by the decisions of the State's intermediate Appellate Courts in the absence of persuasive evidence that the highest State Court would rule otherwise. West v. American Telephone and Telegraph Company, 311 U.S. 223, 61 S.Ct. 179, 85 L. Ed. 139; Ballard v. Citizens Gas Company of New York, a Seventh Circuit case, 196 F.2d 96. The only applicable decisions of an Illinois court that have been cited are the Appellate Court cases, including the Beman case which this Court believes to be the law of Illinois upon the subject involved.

**490**

This matter arises on two motions filed by the plaintiffs, one being the motion of the plaintiffs to strike from paragraph 2 of Count II of the Answer of the insurance companies, certain allegations contained in said Answer in reference to condemnation proceedings and the payment to the plaintiffs thereunder and which portion of the Answer being based upon the theory that the Edlins suffered no pecuniary loss. The other motion is the motion of plaintiffs to dismiss Count II of the interveners' complaint on the ground that intervener suffered no loss.

In view of the Court's opinion it is ordered that the motion of plaintiffs to strike from paragraph 2 of Count II of the Answer of the insurance companies certain allegations, is hereby denied. Ruling on the second motion of plaintiffs to dismiss Count II of the intervener's complaint is hereby reserved for future ruling. It appears to the Court that before the intervener is in a position to assert any equitable doctrine of subrogation that it must first be determined that the insurance proceeds are payable to the Edlins and that if the Edlins cannot recover then the Housing Authority would be in no position to assert a right by way of an equitable doctrine of subrogation. In the event the Edlins recover then the intervener could and should have their day in court. If the Edlins do not recover then it would appear that the Housing Authority would have nothing upon which to base a claim.

In respect to the second motion of the plaintiffs to dismiss Count II of the intervener's complaint, the record is silent on the question as to whether the Peoria Housing Authority has sustained any loss. The pleadings are also silent in this regard.

On the basis of the ruling of the Court upon the first motion, it is ordered that the parties proceed in accordance with this ruling in order that a final order may be forthcoming.