164 So.2d 213 (1964)
Lucille RUTHERFORD, Appellant,
v.
PEARL ASSURANCE COMPANY, a Corporation, Appellee.
No. E-402.
District Court of Appeal of Florida. First District.
April 28, 1964.
On Petition for Certification June 2, 1964.
John M. Coe, of Coe & Coe, Pensacola, for appellant.
Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
CARROLL, DONALD K., Judge.
The plaintiff in an action on a fire insurance policy has appealed from a final judgment entered by the Circuit Court for Escambia County, dismissing her complaint.
The basic question before us for determination is whether, when the alleged insurable interest is a vendor's lien to secure the unpaid portion of the purchase price of real property, the insured must allege and prove that he has suffered an actual pecuniary loss by a fire or that the security subject to the vendor's lien has been seriously jeopardized by a fire, in order to recover under a fire insurance policy in this state.
*214 This question arose from the allegations of the plaintiff's complaint, averring that she was the owner of certain lots on which was situated a certain dwelling house which she sold on August 1, 1960, subject to a vendor's lien in her favor to secure the unpaid portion of the purchase price, to-wit: $3,518; that prior to the said sale the defendant had issued its insurance policy indemnifying the plaintiff against fire loss during its term to the amount of $8,000; that on or about August 17, 1960, during the said term, the said property was "totally destroyed by fire" under circumstances rendering the defendant liable under its said policy; that, although through oversight no endorsement had been made on the policy showing the said change of ownership and consequent change of beneficiary, the plaintiff duly notified the defendant concerning the said fire, but the latter notified her that it was not liable to her or anyone on account of the loss and refused to pay, advising her that she had no further insurable interest in the said property. The plaintiff further alleges in her complaint that, under Section 627.01041, Florida Statutes, F.S.A., she has an insurable interest in the property to the amount of her vendor's lien. She then asks for judgment in the sum of $3,518, together with interest and attorney's fees.
To this complaint the defendant filed a motion to dismiss for failure to state a cause of action. In its order granting this motion the court states that it was of the opinion "that the allegation of an insurable interest in the Plaintiff standing alone is not sufficient but that the Plaintiff must allege and prove an actual loss or that the security subject to her vendor's lien has been seriously jeopardized. * * *" The court states further that it had given the plaintiff leave to amend her complaint, but she declined to do so, and the court then adjudges that the plaintiff take nothing by her action, etc.
Resolving the problem confronting us on this appeal requires a consideration of the various cases supporting two lines of authority known as the "Wisconsin Rule" and the "New York Rule," and a determination as to which rule is more nearly consonant with the laws and public policies of the State of Florida. Each of the said rules is supported by highly respectable authority. Couch, Insurance, 2nd, Ed., Vol. III, Sec. 24:17.
The so-called Wisconsin Rule, which has apparently been recognized by a minority of courts, is essentially that a contract of fire insurance is a contract of indemnity, and, where no pecuniary loss has been sustained, there can be no recovery. The argument for this view seems to be that, to permit an insured to keep the proceeds of both the mortgage obligation and the insurance policy, offends public policy, which frowns upon placing an insured in a position to profit by a loss which he may be tempted to cause himself or be careless in failing to prevent. The leading cases supporting the Wisconsin Rule are Ramsdell v. Insurance Co. of North America, 197 Wis. 136, 221 N.W. 654 (1924); Power Building and Loan Ass'n v. Ajax Fire Insurance Co., 110 N.J.L. 256, 164 A. 410 (1933); Beman v. Springfield F. & M. Ins. Co., 303 Ill. App. 554, 25 N.E.2d 603 (1940); Edlin v. Security Ins. Co., 160 F. Supp. 487 (S.D.Ill. 1957); and Glen Falls Insurance Company v. Sterling, 219 Md. 217, 148 A.2d 453 (1957). See also Darrell v. Tibbitts, 5 Q.B.D. 560 (1879), for the comparable English rule.
The New York Rule, which we think reflects the better view and the weight of authority, is that, barring any agreement to the contrary, a fire insurance policy is a contract to insure against fire loss, and its premiums are assumed to represent the fair equivalent of the obligation contracted for by the insurer without knowledge of the existence of collateral remedies. The leading case laying down this doctrine is Alexandra Restaurant, Inc. v. New Hampshire Ins. Co., 272 App.Div. 346, 71 N.Y.S.2d 515 (1947), affirmed by the New York Court of Appeals in 297 N.Y. 858, 79 N.E.2d 268 (1948). Among the cases recognizing *215 and following the New York Rule are Board of Trustees of First Congregational Church of Austin v. Cream City Mutual Ins. Co., 255 Minn. 347, 96 N.W.2d 690 (1959); In Re Future Mfg. Co-op., 165 F. Supp. 111 (N.D.Calif. 1958); Koppinger v. Implement Dealers Mutual Ins. Co., 122 N.W.2d 134 (N.D. 1963); Pink v. Smith, 281 Mich. 107, 274 N.W. 727 (1937); Dubin Paper Co. v. Insurance Co. of North America, 361 Pa. 68, 63 A.2d 85, 8 A.L.R.2d 1393 (1949); and Heidisch v. Globe & Republic Ins. Co. of America, 368 Pa. 602, 84 A.2d 566, 29 A.L.R.2d 884 (1951).
Probably the leading case outside of New York recognizing the New York Rule is Board of Trustees of First Congregational Church of Austin v. Cream City Mutual Ins. Co., 255 Minn. 347, 96 N.W.2d 690 (1959), in which the Minnesota Supreme Court was faced with the same problem we are facing in the present appeal  whether to adopt the Wisconsin Rule or the New York Rule. In the said case the insurer had issued a valued fire insurance policy covering certain property owned by the plaintiff  a church. The church sold the said property on an executory contract to a municipality, and after the sale the property was destroyed by fire, at which time a principal balance of $75,000 was still owing to the church, which held legal title to secure its reserved right of possession which right was to expire 53 days after the fire. The main issue before the court was whether under these circumstances the insurer was entitled to be subrogated to the church's claim, if any, against the city. The Supreme Court of Minnesota held there was no such subrogation and in a scholarly opinion discussed the Wisconsin and the New York Rules, the authorities supporting each rule, and finally concluded that the Alexandra Restaurant case, supra, and an earlier Minnesota case to the same effect "not only represent the better reasoning on the subject but also are in harmony with the public policy as expressed by the legislature in the enactment of the valued policy statute, § 65.05." The court then mentioned two cases in which it had sustained recoveries far in excess of the value of the insured's property.
As stated above, the leading case espousing the New York Rule is the decision of the New York Supreme Court, Appellate Division, in Alexandra Restaurant, Inc. v. New Hampshire Ins. Co., supra. In that case the lessee of a restaurant was insured under a fire policy as to improvements of a structural character. The landlord became obligated to repair the fire damage that occurred, and did so. The New York Supreme Court, Appellate Division, held that the lessee was entitled to recover the amount of the loss on his fire policy, since that policy insured the property and not the debt due to the lessee from the landlord. In reaching this conclusion the court relied upon the decision of the New York Court of Appeals in Foley v. Manufacturers' Builders & Fire Ins. Co., 152 N.Y. 131, 46 N.E. 318, 43 L.R.A. 664 (1897), in which case the owners of certain property had a contract with a third person to build houses, with the risk of loss pending completion upon the contractor. The owners had also insured the property. A fire occurred before completion of the construction contract and the owners sued on the policy. The insurer contended that the owners had not suffered any "loss" because the contractor was obligated to make good the loss. In rejecting this contention the New York Court of Appeals said:
"`The contention of the defendant rests upon a misconception of the insurer's contract, and as to the insurable interest of the plaintiffs in the structures. The defendant, by its contract, undertook to insure the plaintiffs against loss by fire, not exceeding the sum specified, to the "described property," the loss or damage to be ascertained "according to the actual cash value" of the property at the time of the fire. The parties by this contract made the value of the property insured, within the limit, the measure of the insurer's *216 liability. * * * But the contract relations between the plaintiffs and the contractors is a matter in which the defendant has no concern.'"
Upon the authority of the Foley decision and other cases, the New York Supreme Court in the Alexandra Restaurant case directed a judgment for the plaintiff in the sum of $3,954.89 (the agreed amount of the damages caused by the said fire), saying:
"Plaintiff concededly had an insurable interest when the policy was issued and at the time of the loss. The loss was not caused by any wrongful act of either the landlord or the insured. Defendant's policy insured the property and not the debt due the insured from its landlord."
Like the Minnesota Supreme Court in the Cream City Mutual Ins. Co. case, supra, we are of the view that the cases recognizing the New York Rule not only represent the better reasoning on the subject but also are in harmony with the public policy as expressed by our State Legislature in the enactment of the Valued Policy Law, Section 627.0801, Florida Statutes, F.S.A. That statute provides as follows:
"Valued policy law
"(1) In event of total loss by fire or lightning of any building or structure located in this state and insured by any insurer as to such perils, in the absence of any change increasing the risk without the insurer's consent the insurer's liability, if any, under the policy for such total loss shall be in the amount of money for which such property was so insured as specified in the policy and for which premium has been charged and paid.
"(2) In the case of partial loss by fire or lightning of any such property the insurer's liability, if any, under the policy shall be for the actual amount of such loss but not to exceed the amount of insurance specified in the policy as to such property and such perils.
"(3) Except, however, that the amount of any loss referred to in subsections (1) or (2) shall be subject to any co-insurance clause contained in the policy pursuant to § 627.0800.
"(4) This section shall not apply as to personal property or any interest therein."
The Supreme Court of Florida in Martin v. Sun Life Ins. Office of London, 83 Fla. 325, 91 So. 363 (1922), held that the valued policy statute of this state is not repugnant to the Constitution of Florida nor of the United States.
Upon a reading of the above-cited New York Rule cases, it becomes clear that the vendor's lien held to secure the unpaid portion of the purchase price of the property involved in the instant case gave the plaintiff an insurable interest in the said property. This would be in full accord with the definition of insurable interest found in Section 627.01041, Florida Statutes, F.S.A., which provides as follows:
"Same; property
"(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
"(2) `Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
"(3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof."
As mentioned earlier in this opinion, the court in the final judgment appealed from herein holds with reference to the plaintiff's *217 complaint "that the allegation of an insurable interest in the Plaintiff standing alone is not sufficient but that the Plaintiff must allege and prove an actual loss or that the security subject to her vendor's lien has been seriously jeopardized. * * *"
In her brief on this appeal the plaintiff-appellant contends that the court in the just-quoted holding substituted, in effect, the words, "is actually damnified" for the words "might be damnified" which are used in subsection (3) of Sec. 627.01041, Florida Statutes, F.S.A., quoted above. We agree that such may be the ultimate result of the court's holding under the circumstances before us.
In our opinion, the plaintiff's vendor's lien not only fits the description of the measure of an insurable interest as given in the said subsection (3) of Sec. 627.01041, but the said lien falls squarely within the definition of "insurable interest" as found in subsection (2) of the said section, as "any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."
In addition, the rule is generally recognized that the holder of a mortgage lien or other lien on real property has an insurable interest to the extent of the mortgage debt or the lien. See 29 Am.Jur., Insurance, Sec. 453, 44 C.J.S. Insurance, § 188a, and the annotation in 10 L.Ed. 1044.
One of the cases that have applied this rule to a vendor's lien is Koppinger v. Implement Dealers Insurance Co., 122 N.W.2d 134 (N.D., 1963). The facts involved in that case are strikingly like those in the instant case. There the plaintiff had insured his house with the defendant company against all direct loss by fire. Several months later he sold the house to a third party, who made a down payment and gave a note for the balance of the purchase price, payable in monthly installments. The plaintiff issued a deed to the purchaser. Later in the same month the house was severely damaged by fire. The company rejected the plaintiff's claim of loss. The plaintiff then brought an action under the policy. In its answer to the complaint the company alleged that the complaint failed to state a claim upon which relief can be granted; that the plaintiff had sold the property and hence did not own it at the time of the loss, and so had no insurable interest therein. The lower court rendered judgment for the plaintiff for the unpaid balance of the purchase price at the time of the fire. In its opinion the Supreme Court of North Dakota affirmed this judgment and recognized the rule that a "vendor of real property in whose favor a vendor's lien exists has an insurable interest in the property," citing numerous authorities for this proposition. In that case the Supreme Court of North Dakota also recognized and applied the New York Rule, discussed earlier in this opinion.
The researcher in the fields of law involved in the present appeal will note that some of the courts recognizing the New York Rule divide into two schools of thought on the collateral issue of the measure of the insured's recovery against the fire insurer. For instance, the Supreme Court of Minnesota in Board of Trustees of First Congregational Church of Austin v. Cream City Mutual Ins. Co., 255 Minn. 347, 96 N.W.2d 690 (1959), which we have discussed above, declared that it is generally accepted that, in the case of a valued policy, "the insured may recover the full value of his policy, even though the value of his actual interest is less than the amount of the insurance."
Representative of the second school of thought on the said issue of the measure of recovery, is the decision of the Supreme Court of North Dakota in Koppinger v. Implement Dealers Mutual Ins. Co., supra, in which that court held:
"The measure of recovery of the insured is the value of his interest in *218 the property at the time of the loss not exceeding the amount of coverage provided by the policy. Pink v. Smith, 281 Mich. 107, 274 N.W. 727; Alexandra Restaurant, Inc. v. New Hampshire Insurance Co., 272 App.Div. 346, 71 N.Y.S.2d 515; affirmed 297 N.Y. 858, 79 N.E.2d 268; Foster v. Equitable Mutual Fire Insurance Co., 2 Gray 216, 68 Mass. 216; Citizens Insurance Co. of New Jersey v. Foxbilt, Inc. [8 Cir.], 226 F.2d 641, 53 A.L.R.2d 1376. In this case the interest of the insured was the amount of his vendor's lien for the unpaid purchase price at the time of the fire."
While we have in this opinion recognized the New York Rule as the better view and the rule that should be applied in the case at bar, we are not compelled to choose between the above two schools of thought as to the measure of recovery. This is so because the plaintiff in her complaint seeks to recover $3,518, the amount of the unpaid portion of the purchase price, and not to recover the face value of the policy ($8,000). In this posture of the case, of course, the question as to whether the plaintiff could recover for the face amount of the policy is not before us for decision. Nevertheless, by way of pure obiter dictum, we comment that we are impressed with the justice of the North Dakota view and are inclined to favor it, although we realize that a strong argument could be made for the Minnesota view on the basis of the Florida valued policy law (Sec. 627.0801, quoted above).
For the foregoing reasons we hold that in the case at bar the allegations of the plaintiff's complaint sufficiently state a claim for relief against the defendant, and that the Circuit Court erred in entering the final judgment appealed from. That judgment, therefore, must be, and it is, reversed, and the cause is remanded with directions to reinstate the cause and for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
STURGIS, C.J., and WIGGINTON, J., concur.

On Petition for Certification
PER CURIAM.
The appellee has filed a pleading entitled "Petition for Certification" requesting this court to certify that the decision rendered herein passes upon a question of great public interest. The effect of such certificate is to vest in the Supreme Court of Florida jurisdiction by certiorari to review a decision of a District Court of Appeal thus certified. Article V, Section 4(2), Constitution of Florida, F.S.A., provides in part:
"The supreme court may review by certiorari any decision of a district court of appeal that * * * passes upon a question certified by the district court of appeal to be of great public interest, * * *."
The only distinction between the pleading in this cause and that considered by this court in Whitaker v. Jacksonville Expressway Authority, Fla.App., 131 So.2d 22 (1961), is that in the cited case the pleading was filed subsequent to the time allowed for filing of a petition for rehearing.
We are of the opinion that the decision in the instant case does not pass upon a question of great public interest. In addition to the holding stated in Whitaker, we further hold that such pleading filed within the period allowed for filing of a petition for rehearing will not operate to stay the issuance of the mandate or require an order formally disposing of the pleading. It will not be the practice to enter such an order.
STURGIS, Chief Judge, and WIGGINTON and CARROLL, DONALD K., JJ., concur.