James M. SMITH, et al., Plaintiffs,

v.

NATIONWIDE MUTUAL FIRE INSURANCE CO., Defendants.

No. TCA 82–947–WS.

United States District Court, N.D. Florida, Tallahassee Division.

May 31, 1983.

Thomas F. Woods, Woods, Johnston & Carlson, Tallahassee, Fla., for plaintiffs.

Patrick J. Farrell, Jr., Fuller & Johnson, P.A., Tallahassee, Fla., for defendants.

## ORDER

STAFFORD, Chief Judge.

The parties have asked the court for a ruling on the following issue: if the jury finds in favor of plaintiff Barnes only, does she receive the full amount of the policy? Plaintiffs suggest that when Florida's valued policy law, Florida Statutes § 627.702 (1979), is coupled with the innocent co-insured doctrine of *Auto-Owners Insurance Co. v. Eddinger*, 366 So.2d 123 (Fla.2d Dist. Ct.App.1979), it is clear that plaintiff Barnes would recover the entire amount of the policy if the jury finds her blameless for the loss. Defendant maintains that plaintiff Barnes may only be compensated under the policy to the extent of her insurable interest. For the reasons discussed below, the court agrees with plaintiffs' position on the issue.

There is no Florida case directly on point. The court has therefore tried to give effect to the theories behind the valued policy law and the innocent co-insured doctrine in a logical fashion.

First, it is important to note that Florida follows the New York rule that a fire insurance policy is not a contract of indemnity; rather, the amount of the policy represents liquidated damages agreed to by the insurer and insured when the policy was issued and the amount of premiums determined. *Rutherford v. Pearl Insurance Co.*, 164 So.2d 213 (Fla. 1st Dist.Ct.App.1964). In *Rutherford* the court noted that there are two schools of thought on how to measure an insured's recovery under the New York rule. The Minnesota rule is that "in the case of a valued policy, 'the insured may recover the full value of his policy, even though the value of his actual interest is less than the amount of the insurance'." *Rutherford*, 164 So.2d at 217, citing *Board of Trustees v. Cream City Mutual Insurance Co.*, 255 Minn. 347, 96 N.W.2d 690 (1959). The North Dakota rule is that "[t]he measure of recovery of the insured is the value of his interest in the property at the time of the loss not exceeding the amount of coverage provided by the policy." *Koppinger v. Implement Dealers Mutual Insurance Co.*, 122 N.W.2d 134 (N.D.1963).

The court in *Rutherford* was not obliged, under the facts of that case, to choose between the Minnesota and the North Dakota rules. This court's research has revealed no case in which this choice has been made by a Florida court. The court in *Rutherford*, however, did have this to say:

> By way of pure obiter dictum, we comment that we are impressed with the justice of the North Dakota view and are inclined to favor it, although we realize that a strong argument could be made for the Minnesota view on the basis of the Florida valued policy law.

164 So.2d at 218.

In the case at bar the court has given careful consideration to the fact that Florida's First District Court of Appeal was, at least in 1964, "inclined to favor" the North Dakota rule. Nevertheless the court is of the view that Florida's valued policy law compels the adoption of the Minnesota rule. The North Dakota Supreme Court in *Koppinger* never mentioned how the existence of a valued policy statute would have affected its decision. Furthermore, the dwelling in *Koppinger* had only been "severely damaged," *Id.* at 136, not totally destroyed, as in the case now before this court. Also, in *Koppinger* an insurance adjuster "negotiated an adjustment," *Id.*, with the plaintiff, and this adjustment was incorporated into a proof of loss. Obviously the *Koppinger* court, when it adopted the insurable interest value rule, had no need to consider a set of facts in which a dwelling had been totally destroyed and the loss was *by statute* determined to be the face amount of the policy. The Minnesota so-called "face value rule," on the other hand, was adopted in specific contemplation of a valued policy law. *Springfield Fire and Marine Insurance Co. v. Boswell*, 167 So.2d 780, 782, 783 (Fla. 1st Dist. of App.1964).

Logic dictates that the "face value rule" is consistent with treating an insurance policy as a contract for liquidated damages rather than as an indemnity contract. The

Minnesota rule is therefore faithful to the spirit of Florida's valued policy law.

The court is further persuaded by the very words of the valued policy law: "the insurer's liability, *if any,* under the policy for such total loss shall be in the amount of money for which such property was so insured ..." § 627.702(1) Florida Statutes (1979) (emphasis added). The purpose of the lawsuit filed in this court is to determine if the insurer is liable at all. If the insurer is liable, the wording of the valued policy law makes that liability for the face amount of the policy.

The discussion thus far has focused on the valued policy law in a vacuum. The circumstances of this case make it necessary to determine whether the "face value rule" applies even in a situation where there are two persons with an insurable interest but only one who may collect on the policy because of the wrongdoing of the other (assuming, for purposes of this order, that the jury puts the case in this posture). The innocent co-insured doctrine of *Auto-Owners Ins. Co. v. Eddinger,* 366 So.2d 123 (Fla. App.1979) provides the answer. If plaintiff is found to be an innocent co-insured, this doctrine would require that she be allowed to recover under the policy. The amount she may recover is, because of Florida's valued policy law, the face amount of the policy.